## N. E. POTTS ET AL. v. ELLA GRAY.

1. PARTITION. *Solicitor's fee. Section 2577, Code 1880, applied.*
   Sect. 2577 of the Code of 1880 provides that, "In all cases of the partition or sale of property for division of proceeds, the courts may allow a reasonable solicitor's fee to the solicitor of the camplainant to be taxed as a common charge on all the interests, and to be paid out of the proceeds, in case of sale, and to be a lien on the several parts, in case of partition." This section does not authorize the allowance of a fee to the solicitor of a defendant and cross-complainant, notwithstanding the original bill seeks a sale for division, instead of a partition, of the property, and the answer and cross-bill opposes the sale and asks for partition, which is granted; for, under the statutes upon this subject, partition might be ordered in such case without the answer being made a cross-bill.

2. SAME. *Solicitor's fee, when allowed. Statute construed.*
   The section above quoted was intended to apply in favor of a complainant who initiates a proceeding for partition or sale of property for division, by allowing a solicitor's fee for instituting and conducting a proceeding, with-

out which partition or sale would not be made; and it is not applicable where the partition or sale results as an incident of a suit begun by another than him who claims allowance for a solicitor's fee.

APPEAL from the Chancery Court of Winston County.

Hon. F. A. CRITZ, Chancellor.

In July, 1877, R. S. Hudson, executor of the last will and testament of John F. Gray, deceased, filed a bill praying for an order of court to sell the lands devised for the purpose of reimbursing him for expenditures made on account of the estate, and for distribution amongst the devisees, and alleging that the lands were of such a character that they could not be partitioned. Ella Gray, one of the devisees, answered the bill, traversing its material allegations, opposing the sale of the land for division, and making her answer a cross-bill, with a prayer for partition of the land. After considerable litigation in the Chancery and Supreme Courts, a decree was rendered in the lower court, in October, 1881, appointing commissioners to partition the land. The commissioners presented their report in April, 1882, when a decree was rendered in the Chancery Court approving the report and allowing T. J. O'Neill, solicitor for Ella Gray, defendant and cross-complainant, $250 for his services in conducting the proceedings for partition, and ordering the same to be taxed as costs, and made a charge upon the several shares of the devisees in the estate divided. From that part of the decree allowing the solicitor's fee, all of the devisees, except Ella Gray, appealed.

The decision of the question here presented is dependent upon the construction and application of sect. 2577 of the Code of 1880, which is as follows:—

" In all cases of the partition, or sale of property for division of proceeds, the court may allow a reasonable solicitor's fee to the solicitor of the complainant, to be taxed as a common charge on all the interests, and to be paid out of the proceeds, in case of sale, and to be a lien on the several parts, in case of partition."

*Hudson & Hudson*, for the appellants.

Sect. 2577 of the Code of 1880 is not mandatory that the court shall allow and tax a solicitor's fee in every case of partition of property; but in certain cases the court may, in the exercise of sound judicial discretion, allow a fee to the solicitor of the complainant.

But who is the complainant and the complainant's solicitor in this case? The executor was the complainant. The style of parties, complainant and defendant, has never been changed, altered, or amended, and the case as to parties, complainant and defendant, stands in style and effect as it originally was, to-wit: *Robert S. Hudson, Exr.*, etc., complainant, v. *N. E. Potts et al.*, defendants, No. 323.

We insist that Robert S. Hudson was complainant, and all the other parties, including Ella Gray, were defendants, and that Ella Gray never was, in legal parlance, the complainant. The executor filed his bill, praying for partition, (1) because the land was incapable of proper division in kind; (2) it should be sold for equal partition; (3) for equalization among the devisees, and, lastly, is a prayer for general relief. Ella Gray could have raised every question she did by a simple answer, denying that the lands could not be equally and properly divided in kind, or that a sale was necessary to effect that end, or that equalization should or could be made out of the proceeds of the sale of the land, or that there was any inequality, etc., and under such an answer the same results could have been had by all parties, as by her answer, made a cross-bill.

Ella Gray was not complainant in legal contemplation and meaning, but a defendant still, as the appellants were and are. Her solicitors were never the solicitors of appellants, but her partisan attorneys only, and looked only to her individual and partisan interest, and were ever antagonistic to appellants, as much so as attorneys could be in any other suit in law or equity hotly contested. Appellants did not know, receive, accept, consult, or commune with her solicitors, nor were they

advised with, or their wishes represented in any way by such solicitors. The duties of said solicitors were to Ella Gray, and incompatible and conflicting with those represented by the appellants and their counsel. Her solicitors never pretended or professed to represent appellants and dared not do so. It is certainly hard, harsh and unjust to ram, cram, and thrust a lawyer, — the lawyer of the adverse party, — on you, and compel you, *nolens volens*, to pay his fee, and certainly the framer of this statute never dreamed of anything so miserably unjust and iniquitous in a case like this.

*L. Brame*, for the appellee.

This partition proceeding was a mere side-show to the main litigation between the Hudsons and Mrs. Potts on the one hand, and Ella Gray on the other. They sought, by the original petition filed by the executor, to absorb all that was left of the estate devised by John F. Gray. It was alleged that the father of Ella Gray had received a large excess over his share of the personalty, and that the inequality was all in favor of the other devisees. The executor also asked to be reimbursed in a large sum. This would cut Ella Gray out entirely. She therefore resisted the petition.

If the defendant in such a case employs no counsel and makes no objection, when partition is made, it will not be contended that the complainant is not entitled to a solicitor's fee. *A fotiori*, is the complainant entitled to such an allowance if a lawful and proper partition is made after overcoming objections and obstacles interposed by the other parties in interest.

It does not appear that any solicitor for appellants assisted Mr. O'Neill in the management or supervision of the partition proceedings. The property was valuable, and the matter of its proper division was quite important to all concerned, requiring skill, accuracy, and labor. The decree for partition was to be taken, after seeing that the minors and all others interested were properly represented and before the court, the land was to be equitably divided, report of commissioners

written and presented, and a final decree drawn, confirming
the partition. For all this, it was but reasonable and just that
an allowance should be made under this most equitable statute
for the payment of the solicitor's fee. The services were per-
formed, the fee is not large, and there is no objection to the
manner in which the solicitor did the work.

The allowance of a reasonable fee was within the sound dis-
cretion of the chancellor. This court will not presume that
the allowance was improperly made. No abuse of discretion
is shown. Appellants have shown no reason whatever for
even a criticism of the chancellor's action.

CAMPBELL, C. J., delivered the opinion of the court.

Sect. 2577 of the Code of 1880 was improperly applied in
this case, because the proceeding, which terminated in a par-
tition of the lands was begun, not by the appellee, but by
another, and her "cross-petition," as it was called by her
solicitor, was not necessary to the procurement of the decree
made. If her petition for the appointment of commissioners
to make partition had not been added to her answer, the de-
cree finally made would have been the same. Under the Code
of 1871, sect. 1810, and the amendatory act on page 119
of Acts of 1875, it was lawful for Hudson, as executor,
to proceed for a sale of the land for a division of the proceeds,
and it would have been proper for the court, on the answer of
the appellee, and without a cross-petition, to have ordered
partition without a sale, although Hudson's petition sought
to have a sale. Sect. 2577 of the Code of 1880 applies in
favor of a complainant, who initiates the proceeding for par-
tition. It is intended to confer power on the court to make
the common property bear the cost of partition, made for the
good of all, by allowing a solicitor's fee for instituting and
conducting the proceedings, without which partition or sale
would not have been made; and it is not applicable where
partition or sale results as an incident of a suit begun by an-
other than him who claims allowance for a solicitor's fee.

The section cited applies both to a partition and a sale for division of proceeds, and should not be applied to a partition where it would not be applied to a sale, if that was decreed. If the decree in this case had been for a sale of the lands (for which Hudson's petition specially prayed), it would not be contended that a fee could have been allowed the solicitor of appellee, because she was not complainant in the proceeding which thus terminated.    Neither can she have the benefit of the section cited merely because she made her answer a cross-petition, and thereby sought what would have resulted, if she had not done this.

Decree reversed, and corrected as to the allowance of solicitor's fee, and affirmed as to all else.