## M. J. ELLIS ET AL. *v.* L. C. ALFORD ET AL.

1. EVIDENCE. *Estate of decedent. Husband and wife. Section 1602, Code of 1880, applied.*

   In 1875, M., a married woman, conveyed a tract of land, her separate property, to A., the husband of M. joining in the conveyance. A. died in 1885, and M. and her husband filed a bill against A.'s legatees to have her conveyance cancelled, on the ground that it was obtained by fraud. Section 1602, Code of 1880, provides that "No person shall testify as a witness to establish his own claim of any amount, for or against the estate of a deceased person, which originated during the lifetime of such deceased person." On the trial the Chancellor suppressed the depositions of M. and her husband. *Held,* that the testimony of M. was not competent, but that of her husband was.

2. INFANT. *Married woman. Exchange of land. Affirmance by occupancy.*

   On the 23d of December, 1875, M., an infant married woman, conveyed a tract of land to A., in exchange for a tract conveyed by him to her. She attained her majority on the 12th of November, 1876; and, on the 1st of November, 1880, her disabilities as a *femme covert* were removed. She, having received immediate possession of the land conveyed to her by A., continued to occupy the same till the 1st of April, 1885, when she filed a bill to annul her conveyance, on the ground of fraud. *Held,* that her occupancy of the land received from A. after the attainment of her majority was an affirmance of her conveyance.

APPEAL from the Chancery Court of Rankin County.

HON. T. B. GRAHAM, Chancellor.

On June 1, 1870, Anne J. Alford died, intestate, leaving two tracts of land, called, respectively, the "homestead" tract and the "sixteenth section" tract. She left two heirs, her husband, Cincinnatus Alford, and her daughter, Mary J., now Mrs. Ellis, the latter of whom was born on November 12, 1855. In January, 1871, Cincinnatus Alford married Lucy C. Alford, to whom was born one child, Willy Floyd Alford, one of the defendants in this

suit. On November 12, 1875, Mary J. Alford married Jas. R. Ellis. After some sort of an agreement between Alford and his daughter, the terms of which are in dispute, on December 23, 1875, Mrs. Ellis, jointly with her husband, who was then a minor as well as a *femme covert*, conveyed to her father her interest in the two tracts of land inherited from her mother, and the father, Cincinnatus Alford, at the same time conveyed to his daughter a certain tract of land, his individual property, known as the " creek " place. Both went into immediate possession in pursuance of the conveyances. Cincinnatus Alford continued in possession until early in 1885, when he died, testate, leaving the " homestead " and " sixteenth section " tracts in question to his wife, Lucy C. Alford, and their daughter, Willy Floyd Alford. Mrs. Ellis continued, and is now, in possession of the " creek " place. On April 1, 1885, Mrs. Ellis and her husband filed this bill in chancery against Lucy C. Alford and Willy Floyd Alford, setting out the above facts and alleging that the true agreement between herself and father was, that she should convey to him her interest in the " homestead " tract, but not her interest in the " sixteenth section " tract; that this latter tract was fraudulently inserted in the deed, and without her knowledge; that this deed was made while she was still a minor, and that she had never ratified it; and praying that the deed of conveyance to her father be cancelled, that the true agreement be enforced, and the parties restored to their original rights. On the trial the depositions of both Mrs. Ellis and her husband, Jas. R. Ellis, were introduced, and, on motion, suppressed. The Chancellor, on the final hearing, found for the defendants, and dismissed the bill.

The complainants appealed.

*Nugent & McWillie*, for the appellants.

1. In suppressing the depositions of Mr. and Mrs. Ellis, it would seem that the court below misconceived our statute in reference to the incompetency of parties to testify in their own behalf against the estate of a deceased person. It is by no means clear that the subject-matter constituted any part of Alford's estate, for while Mrs. Ellis' contract was voidable only at her election, she has

chosen to have it avoided, unless carried out in its entirety, and no act of affirmance is shown by the other evidence in the cause. It has been well settled by this court that the right asserted must grow out of some alleged transaction between the party asserting it and the deceased person. Nothing of the kind appears in this case. Mrs. Ellis is claiming lands which belonged to her mother, and which at her mother's death became her property by the laws of descent then in operation. *Jacks* v. *Bridewell*, 51 Miss. 888. The exclusion of the testimony of Mr. Ellis, the husband, was certainly erroneous. He had no interest in the result of the suit. If his wife recovered the property she could convey it away without his consent. It would belong to her absolutely and exclusively. In such case it is immaterial whether or not he is a party to the suit, and whether plaintiff or defendant in conjunction with his wife. *Rushing* v. *Rushing, Adm.*, 52 Miss. 331; *Barry* v. *Sturdivant*, 53 Miss. 490; *Hedges* v. *Aydelet*, 46 Miss. 107.

2. In the case of *Brantley* v. *Wolf*, 60 Miss. 432–433, this court recognized the rule as well established in other States, that no time will suffice to bar the right of disaffirmance short of that which would toll the right of entry under the statute of limitations. It is true the court referred to the case of *Thompson* v. *Strickland*, 52 Miss. 574, as going no further than to say that the delay must not be unreasonable and as leaving each case to stand on its own facts, but it nowhere in that opinion discarded the practice of employing the period of limitation under the statute by way of analogy in determining what would be a reasonable delay; and the statutory period had not expired in this case prior to the commencement of suit by nearly two years, even if we include in the count the years that Mrs. Ellis remained ignorant of the deceit that had been practiced upon her. In both of the two cases we have referred to the court held that the party complaining was *not* barred of the right to disaffirm the contract, and as it was wholly unnecessary to go further, they did not undertake to say in what state of case the estoppel would be applied. In the latter of the two (*Brantley* v. *Wolf*) the court approved the doctrine that in the case of a minor, who was also a married woman, the right to dis-

affirm would exist as long as she remained covert, although noting that the removal of the disability of coverture by the Code of 1880 would render the rule inapplicable in this State.    This reference to the code we do not understand as expressing the conclusion that the provision in question had rendered that doctrine inapplicable in every case that might arise.   It meant simply, as we interpret it, that in the case of contracts made after the adoption of the code by those laboring under both disabilities, the right to disaffirm would not continue during coverture, but only for a reasonable time after reaching majority, and that in respect to contracts made before its adoption, only a reasonable time would be allowed thereafter, on account of the previous disability of coverture.

*W. M. Buchanan,* for the appellees.

1. The depositions of the complainants, Mary J. Ellis and J. R. Ellis, were properly suppressed, because it is clearly an effort to establish their own claim against the estate of C. Alford, represented by the defendants, as executrix and devisees under his will. In a suit by an executor, the defendant was held to be an incompetent witness to testify to a contract between himself and the testator.   *Boylan* v. *Holt,* 45 Miss. 277.

A plaintiff in ejectment is not a competent witness to prove a permissive possession for himself, by admissions made by the deceased landholder in his lifetime.    *Jacks* v. *Bridewell,* 51 Miss. 881 ; *Rushing* v. *Rushing,* 52 Miss. 329 ; *Green* v. *Mizell,* 54 Miss. 221 ; *Rothschild* v. *Hatch,* 54 Miss. 554; *Buckingham* v. *Wesson,* 54 Miss. 526.

The rule applies to proceedings *in rem.*    *O'Leary* v. *Burns,* 53 Miss. 171, 174.

The statute is intended to exclude one party, when the other, being dead, could not confront him.   37 Miss. 460.

The construction put upon the statute is, that if one party is an administrator or executor, the surviving party shall not testify to establish a claim of his own.    *Boylan* v. *Holt,* 45 Miss. 292.

2. If an infant *continue* in *possession* of land received in exchange, it is held to be a ratification or affirmance.   7 Wait's Actions and Defenses 139 ;  69 Pa. St. 449 ;  *Brown* v. *Caldwell,* 10 S. & R. 114.

" In general, where an infant has purchased real estate and has taken and continued in possession *after becominy of full age,* and *has exercised acts of ownership* over the same, he will be deemed to have ratified the contract of purchase." 7 Wait's Actions and Defenses 139, and cases there cited ; 32 N. H. 345.

Mere continuance in possession has been held an affirmance. *Cheshire* v. *Barrett,* 4 McCord 241 ; 1 Parsons on Contracts 325 ; 1 Addison on Contracts, § 161 ; *Henry* v. *Root,* 33 N. Y. 552.

" Or if he make an exchange of lands, and after he is of full age continues in possession of the land received in exchange, it is an affirmance of the contract." 33 N. Y. 552, *supra.*

If the contract be executed, any slight acknowledgment of liability or admission of the contract is deemed a sufficient ratification. 4 McCord (S. C.) 241 ; 15 Mass. 320.

What acts, after attaining full age, will amount to a ratification of the contract of an infant is elaborately discussed by Davis, J., in the case of *Henry* v. *Root,* 33 N. Y. 526 *et seq.,* cited above.

CAMPBELL, J., delivered the opinion of the court.

The deposition of Mrs. Ellis was properly suppressed, Code, § 1601, but her husband is a competent witness, and his deposition should not have been suppressed. Wherefore we consider the case with his testimony as part of it. Thus considering it, we find the issue of fact against Mrs. Ellis on the charge that her father committed a fraud upon her in the exchange of real estate between them. The whole evidence falls far short of maintaining the grave charge made by the bill. It is opposed by many probabilities and not supported by any satisfactory evidence, while the clearest and most satisfactory is required in such a case.

It is true that Mrs. Ellis was not quite twenty-one years of age and was a married woman when she made the conveyance to her father, but she remained in the possession and dominion of the land conveyed by her father to her up to the time of exhibiting her bill, and her disability as a married woman ceased November 1, 1880. Under these circumstances it is ancient law that she must be held to have confirmed her voidable act in making an exchange of lands

during her minority. "If an infant exchange lands, and after his full age occupy the lands taken in exchange, the exchange is become perfect, for the exchange at the first was not void but voidable." 1 Co. Lyt. (by Thomas) 205; 2 Ib. 525.

This just and wholesome doctrine has not lost any of its excellence by the lapse of centuries, and is still the law. Tyler on Infancy, etc., 540, § 40 *et seq.;* *Brown* v. *Caldwell,* 10 S. & R. 114; *Wheaton* v. *East,* 5 Yerger 41; *Henry* v. *Root,* 33 N. Y. 526, and cases cited; Bingham on Infancy 51; Schouler's Domestic Rel. 588.

*Affirmed.*