S. S. NEBLETT ET AL. *v.* R. N. NEBLETT ET AL.

1. WITNESS.  *Competency.  Estate of decedent.  Code* 1892, § 1740.

  Complainants are incompetent witnesses to establish their own claim as
  devisees of the original owner of lands against persons who claim under
  a conveyance from such original owner.  Code 1892, § 1740 ; *Jackson* v.
  *Smith,* 68 Miss., 53.

2. CHANCERY COURT.  *Protection of minors.  Guardian ad litem.  Evidence.*

  Although the guardian *ad litem* of minor parties to a suit has filed for
  them a mere formal answer, it is his duty to object to incompetent testi-
  mony that affects adversely their interest.  But, regardless of the fail-
  ure of the guardian *ad litem* to object, the chancery court should, of its
  own motion, reject such testimony.

3. DEED.  *Recording.  Presumption of delivery.  Evidence.*

  The filing of a deed for record is not necessarily a delivery thereof, yet it
  raises a presumption of delivery which cannot be overcome by frag-
  mentary and equivocal evidence.

4. SAME.  *Delivery.  Presumption from recitals and registration.  Evidence.*

  In a suit by the remote devisees of the original owner of land to cancel a
  conveyance by him to two sons, recorded thirty years before, the deed
  reciting that the grantor had previously bargained it to them and re-
  ceived the agreed price, the testimony of the· widow of one of said
  grantees that she never heard him claim under the deed, together with
  evidence that the other grantee, as executor of the will of his mother,
  through whom complainants claim, had collected and distributed the
  rents under her will, is, of itself, too inconclusive to warrant the can-
  cellation of the deed.

4. SAME.  *Evidence.  Declarations against interest.  Admissibility.*

In such case declarations by one of said grantees, since deceased, as to the non-delivery of the deed, being against interest, are admissible as against defendants claiming under him, but cannot be considered against the representatives of the other grantee, who was not present when the admissions were made. Thus, certain evidence may be competent and controlling as against one class of defendants and incompetent as to others, even where the issue is the same.

5. PARTITION.  *Solicitor's fee.  When taxed.  Hostile title.  Code 1892, § 3119.*

The power conferred by § 3119, code 1892, on the chancery court in partition suits to tax a reasonable fee for the solicitor of complainant should be exercised only where the services of such solicitor were for the common benefit of all the parties. It should not be allowed if there is a real controversy between them, and defendants, in good faith, resist the partition; and where defendants assert a hostile title to a part of the land, it is error, as against them, to tax a fee which includes services in canceling such claim as well as services in the partition. *Hoffman* v. *Smith*, 61 Miss., 544.

FROM the chancery court of Bolivar county.
HON. W. R. TRIGG, Chancellor.
The case is stated in the opinion.

*Robert Turnbull* and *Frank Johnston*, for appellants.

The evidence in this case is not sufficient to overcome the *prima facie* case made by the registration of the deed.

*Charles Scott* and *Woods & Woods*, for appellees.

The presumption of delivery raised by the record of the deed cannot stand in the face of the positive testimony to the contrary. *Bullet* v. *Taylor*, 34 Miss., 708; *Kearney* v. *Jeffries*, 60 Miss., 685. The overwhelming weight of the testimony is that the deed was never delivered, and that no consideration was ever paid. The grantees never paid taxes on the land, never claimed or controlled it, and were never heard to speak of the deed. It is shown that Sterling Neblett, Jr., died without knowing any thing of the deed, and that W. J. Neblett never heard of it until two or three years ago. The

non-delivery of the deed was established by evidence not fully competent or convincing. If the testimony of other parties was incompetent, certainly that of William E. Neblett is competent, so far, at least, as the interest derived through William J. Neblett is concerned. He was not testifying to establish his own claim, or further his own interest, but directly against both. His deposition cannot be rejected as against Sterling Neblett's heirs, since he was not testifying to establish his own claim.

At the time the solicitor's fee was allowed, there was no contest, hence, the allowance was proper. So far as the record discloses, all parties were willing to the sale.for partition after the cloud should be removed. It was necessary that this should be done, so that the lands would bring their full value. The adult defendants made no objection, and, so far as the guardian of the minors answered at all, it was by way of assent, unless it be said that the formal answer of the guardian *ad litem* is an objection. If so, the court can never allow a fee where there is a minor defendant, because, after the decree, the minor can take an appeal, and, for the first time, make objection.

Cooper, J., delivered the opinion of the court.

The appellees and appellants are the children and grand-children of Sterling Neblett, Sr., and Ann S. Neblett, his wife. Sterling Neblett, Sr., by his will, devised his estate to his wife, who afterwards devised it in equal portions to their children and grandchildren. The grandchildren, being children of deceased children, were to take *per stirpes*. In his life-time Sterling Neblett, Sr., was the owner of the lands described in the bill, and, unless a part of them was conveyed by him to his sons Wm. J. Neblett and Sterling Neblett, Jr., he died owning them all.

The purpose of the present proceeding is to have the lands sold for partition, and also to cancel, as a cloud upon the title, a certain conveyance, of date June 8, A.D. 1857, made

by Sterling Neblett, Sr., whereby a part of the land was con-
veyed to his two sons, W. J. Neblett and Sterling Neblett,
Jr. This conveyance was recorded in the proper office on
the eighteenth day of June, A.D. 1857; but the complain-
ants aver it was never delivered to the parties named as
grantees, or intended to be, and that they never claimed any
interest thereunder, but recognized the land therein described
as the property of Sterling Neblett, Sr., so long as he or they
lived; that, notwithstanding the writing and recording of
said deed, Sterling Neblett, Sr., remained in the exclusive
possession of the land until his death on the sixteenth day of
November, A.D. 1871, having shortly before devised it to his
wife, Ann, who was in possession until her death on the sec-
ond day of August, 1881, having devised it to complainants
and the defendants.

The real and only question in controversy is whether the
title to the lands described in the conveyance from Sterling
Neblett, Sr., to Wm. J. Neblett and Sterling Neblett, Jr.,
passed to them, or whether the conveyance was only one in
form, but not in fact, the lands remaining the property of
Sterling Neblett, Sr.

W. J. Neblett died on the fourteenth day of August, 1891,
testate, and by his will devised his estate in these lands to his
children, among whom is one minor, W. C. Neblett, and who
is one of the defendants to the present bill. Sterling Neb-
lett, Jr., died on the thirtieth day of October, 1877, and by
his will devised his estate to his children, two of whom—
Sallie B. and Lucy—are yet infants. Two of his children,
devisees under his will, have since died, leaving as their heirs
at law or devisees the following named minor children, who
are defendants to this suit, namely: Elise Bagley, Clifton,
and Natalie Neblett.

All the parties—complainant and defendant—are non-res-
idents of this state, and, upon publication duly made, decrees
*pro confesso* were taken against the adult defendants, and a
guardian *ad litem* appointed to represent the infants and pro-

tect their interests. The answers of the infants, in common form, were put in by their guardian *ad litem*, and the complainants proceeded to take proof in support of their bill.

Much of the evidence consists of the testimony of persons who were clearly incompetent to testify against the devisees of William J. and Sterling Neblett, Jr. The controversy, as to so much of the lands as are described in the conveyance from Sterling Neblett, Sr., to William J. and Sterling Neblett, Jr., is whether the same are now owned by the devisees of Mrs. Ann Neblett, who was the devisee of Sterling Neblett, Sr., or by the devisees, or their heirs at law or devisees, of William J. and Sterling Neblett, Jr., the grantees in said conveyance. The manifest purpose of all evidence for the complainants, as to this question, is to establish their claim to these lands against the estates of the grantees therein, and the adverse claimants were not competent as witnesses. Code 1892, § 1740; *Jacks* v. *Bridewell*, 51 Miss., 881; *Green* v. *Mizelle*, 54 *Ib.*, 220; *Jackson* v. *Smith*, 68 *Ib.*, 53.

The guardian *ad litem* disregarded his plain and obvious duty to the infants by failing to object to the testimony of the disqualified witnesses. But his failure to object cannot be considered as a waiver by the infants of its competency. The infants cannot waive, because of their incapacity; nor can the guardian, because it is a violation of his duty. The court, which is the guardian of all minors, should, regardless of the delinquency of its officer, reject, of its own motion, all incompetent evidence introduced to affect the estate of a minor. *Cartwright* v. *Wise*, 14 Ill., 417; *Long* v. *Mulford*, 17 Ohio St., 484 s.c. 93 Am. Dec., 638; *Rhoades* v. *Rhoades*, 43 Ill., 239; 10 Am. & Eng. Ency. L., 688.

While the primary and principal object of our laws for the registration of conveyances of land is to protect creditors and purchasers, a not unimportant purpose is to give strength and security to titles by preserving in an enduring form the evidence of its devolution; and, though the mere recording of an instrument is not necessarily a delivery thereof, it is

sufficient to give rise to a presumption of delivery, which presumption cannot be overcome by fragmentary and equivocal evidence. In considering the question, it is permissible to look to the contents of the instrument in aid of, or in opposition to the fact of its delivery. *Boardman* v. *Dean,* 34 Penn. St., 252.

It appears from the recitals of the conveyance now under consideration, that the grantor, some months before its date, had bargained the lands therein described to his two sons, at an agreed price, and that this price had been paid to him. If this be true, it was his duty to execute the conveyance. In seeking to discover the intention of parties, it is far safer for courts to rely upon their assertions and statements, made at the time and reduced to the most solemn and stable form of writing, than to explore uncertain and disconnected circumstances, remote in time and occasion, and, from such circumstances, to reason back to the transaction, and thus discover its nature. So far as the evidence relates to the claim of Sterling Neblett, Jr., under the conveyance, it consists, principally, of the testimony of his widow, who states that she never heard him claim any interest in the land except as a co-tenant with the *other children.*

The evidence against the representatives of William J. Neblett is far stronger and more satisfactory. He was the executor of his mother's will, and, as such, received and distributed the rents of the entire farm among those entitled thereto under her will. A short time before his death, he was informed of the recorded deed, and sent to his attorney for a copy thereof, and stated that he had never before known of its existence; that it had never been delivered; that he had never paid the purchase-price, and it would be unjust to claim under it against the other children. He also stated, however, that there had been an agreement for the purchase of the property by himself and his brother, Sterling Neblett, Jr.

The transaction is an old one, between persons who were non-residents of the state, and who are now all dead.

70 Miss.—37

Sterling Neblett, Sr., lived until the year 1871—fourteen years after the recording of the conveyance—and his two sons, the grantees, survived him, the one, Sterling, for six years, and the other, William J., for twenty years. It is passing strange, if the conveyance was only intended as a temporary one, and the title was to be reconveyed to the grantor, that no steps were taken during all this time to restore it to the grantor during his life, or to the widow, his devisee, after his death. We are impressed with the conviction that we should be proceeding upon conjecture only, if, as against the representatives of Sterling Neblett, Jr., we should, upon this inconclusive testimony, annul the conveyance.

We cannot assent to the suggestion of counsel that effect shall be given to evidence incompetent as against the representatives of Sterling Neblett, Jr., because it is competent as against the representatives of his co-grantee, William J. Neblett. What William J. Neblett said as to the non-delivery of the conveyance, is admissible against his representatives, because it is an admission against his interest, but such admissions cannot be considered as against the representatives of Sterling Neblett, Jr., who was not only not present when they were made, but had been dead for several years. Though the same issue is presented as to the representatives of each, it may be decided against those of one of the grantees, and in favor of those of the other, according to the proof of non-delivery of the conveyance made by evidence competent against the respective representatives. The fact that such non-delivery was established against one set of representatives, by evidence competent as to that class, can have no weight as against the other class, as to whom such evidence is incompetent; otherwise, effect would be given, indirectly, to evidence incompetent if offered for the direct purpose of establishing the fact it tends to prove.

The court below allowed a fee of $2,500 to the solicitor of complainants. This allowance was made under § 3119, code

1892, which provides as follows: " In all cases of the partition or sale of property for division of proceeds, the court may allow a reasonable solicitor's fee to the solicitor of the complainants, to be taxed as a common charge on all the interests, and to be paid out of the proceeds in case of a sale, and to be a lien on the several parts in case of partition."

In *Potts* v. *Gray*, 60 Miss., 57, and *Hoffman* v. *Smith*, 61 *Ib.*, 544, we held that the solicitor's fee provided for by the code should be allowed only when the services of complainant's solicitor were for the common good of all parties in interest; that the purpose of the statute is to "give the court discretion, to be exercised to effect justice by imposing the reasonable cost of a common benefit on all who share it." (Campbell, C. J., in *Hoffman* v. *Smith*.) It was further said in that case that the statute " was particularly designed for cases in which some of the owners in common of land proceed for partition, and the proceeding, not resisted by the others, is conducted by the solicitor of the complainant without any other solicitor being engaged in the cause. But it is not limited to those. The power to allow a reasonable solicitor's fee exists ' in all cases of the partition or sale of property for division of proceeds.' It should be exercised with caution, and be confined, as nearly as possible, to the class of cases for which it was designed—*i. e.*, those in which there is no contest between the parties to the suit, and therefore no necessity for the defendants to have counsel of their own. If there is controversy between the parties, and propriety in the defendants being represented in the cause by their own counsel, they should not be required to pay the counsel of their adversary, who antagonized their interest in the suit. To allow a fee to the solicitor of the complainant in such a state of case, is an abuse of the discretion conferred by the statute." *Hoffman* v. *Smith* was a case in which no other controversy existed between the parties than that of the propriety of decreeing partition, and yet, because it was evident that the defendants resisted the application in good

faith, an allowance of a solicitor's fee was overruled.   In the present case there is a real controversy as to whether a considerable portion of the land is owned by the representatives of Sterling Neblett, Sr., or by those of W. J. Neblett and Sterling Neblett, Jr.   It is evident that the fee allowed was intended as compensation to complainants' solicitor for all services rendered by him in the litigation, as well those for procuring cancellation of the conveyance from Sterling Neblett, Sr., to Wm. J. and Sterling Neblett, Jr., as for securing the order of sale for partition.   An examination of the record discloses a great volume of testimony directed to this question, and of course a correlative amount of professional labor, while as to the propriety of the sale for partition, there appears but little room for controversy.   It cannot be that the statute was intended to fix upon the defendants, claiming in good faith a hostile title, the burden of paying the fee of the solicitor of their successful adversaries for his services in defeating this title.

In view of the fact that the cause was tried in the court below without any objection having been made to the incompetent testimony introduced by the complainants, which we have rejected, we think it improper to render a final decree here, but will remand the cause, with leave to all parties to take further proof if they so desire.

*Reversed and remanded.*