MRS. ELIZABETH BALDRIDGE *v.* J. R. STRIBLING ET AL.

[57 South. 658.]

1. ACTIONS AGAINST ESTATES. *Witnesses. Competency. Best evidence. Foundation. Secondary evidence. Hearsay. Declarations. Against interest. Gifts. Undue influence. Validity.* Code 1906, *Sec.* 1917.

    In a controversy between the heirs of a decedent over personal property claimed to have been given one of them by decedent before his death, the testimony of the donee of the gift is not admissible to establish his claim to the property, since Code 1906, Sec. 1917, provides that no person shall testify as a witness to establish his own claim or defense against the estate of a deceased person, which originated during his lifetime.

2. EVIDENCE. *Best evidence. Secondary evidence. Laying foundation.*

    Even against the estate of a decedent a party in interest asserting a claim or defense may testify that she received a letter for

the purpose of laying the foundation for the introduction of the letter.

3. SAME.

A copy of a letter cannot be introduced in evidence where there is no evidence accounting for the absence of the original—nothing to show that it was lost or destroyed.

4. EVIDENCE.   *Declarations of deceased persons.   Against interest. Hearsay.*

Declarations whether verbal or written made by a deceased person as to facts presumably within his knowledge, if relevant to the matter of inquiry, are admissible in evidence as between third parties.

First.   When it appears that the declarant is dead.

Second.   That the declaration was against his pecuniary interest.

Third.   That it was a fact in relation to a matter of which he was personally cognizant.

Fourth.   That the declarant had no possible motive to falsify the fact declared.

5. GIFTS.   *Undue influence.   Burden of proof.*

The burden of proof is upon one seeking to invalidate a gift of money *inter vivos* to show that the gift was induced by undue influence and mere suspicion, however strong, is insufficient upon which to set aside the transaction.

APPEAL from the chancery court of Lowndes county. HON. J. F. McCOOL, Chancellor.

Suit by Elizabeth Baldridge against S. R. Stribling and wife. From a decree for defendants, complainant appeals.

Mrs. Baldridge filed a bill in the chancery court against S. R. Stribling and wife for an accounting. The bill alleged that one P. Cates, father of complainant and of Mrs. Stribling, died, leaving certain property which by will he had devised equally to his two daughters, Mrs. Baldridge and Mrs. Stribling; that for some time prior to his death he had lived with Mrs. Stribling, and that she and her husband had taken possession of his property, which consisted of money, and had unduly influenced the decedent to part with same; and that they

had converted it to their own use, etc. Defendants filed separate answers, denying that they had possession of any of decedent's property, admitting that he had lived with defendants for some time before his death, and averring the fact to be that some time prior to his death he had drawn all of his money from the bank, and had given three thousand, six hundred dollars to his daughter, Mrs. Stribling, upon condition she would take care of him the balance of his life, and give him what spending money he needed, and pay doctor's bills, funeral expenses, etc.

On the trial, Mrs. Stribling and her husband testified to these facts, and their testimony is substantiated by their son and son-in-law, Gryder, and by the cashier and teller of the bank, who testified that decedent came in person to the bank and withdrew his money, and that the following day Mr. Stribling deposited three thousand, six hundred dollars to his wife's credit. The bank books substantiated this testimony. Mrs. Stribling testified that her father, in his old age (being nearly ninety years old), was very feeble and spent most of his time alternately between his two daughters; that a few years before his death Mrs. Baldridge had moved to Florence, Ala., to live with her married daughter, Mrs. Price; that when their father left Florence, and came to the home of the Striblings at Columbus to spend a while with them, Mrs. Stribling received a letter from Dr. Price, the son-in-law of Mrs. Baldridge, with whom she had been living, stating that they could not board the old man any longer as their house was crowded and they needed the spare room for other purposes. Mrs. Stribling testifies that after her father had stayed with her for awhile he broached the subject of returning to Florence to spend a while with Mrs. Baldridge, and it was then that she informed him of the contents of Dr. Price's letter, and that he seemed very much distressed, and stated that he was sorry he had divided all his property among his

children (as he had done some years before), and that he had made a will leaving the balance equally to Mrs. Baldridge and Mrs. Stribling, but that, as the will never had been filed, he would now give Mrs. Stribling the balance of the money he had on hand, on condition she would take care of him for his remaining years, which she agreed to do.

Depositions were taken, and a motion was made by complainant to suppress the depositions of Mrs. Stribling as to the gift made to her by her father a short while before his death, because it was an effort to assert a claim against the estate of a deceased person, and to suppress that part of her testimony relative to the contents of the letter which she had received from Dr. Price, as the original letter was the best evidence. The court overruled the motion, and entered a decree for the defendants, and complainant appeals.

*W. J. Lamb,* for appellant.

The principal question presented for the court's attention in this case is the motion to suppress testimony. We contend that the testimony is not competent and that the motion of the appellant to suppress the testimony should have been sustained.

This is a controversy which arose between two sisters, daughters of Pleasant Cates, about the estate of their father, none of the other heirs of Mr. Cates claiming any interest whatever in this estate.

Mr. Cates departed this life in December, 1906, testate. His will was duly recorded in the chancery clerk's office of Lowndes county, Mississippi, where he resided and was living at the time of his death. In this will he left all of his property of which he died seized and possessed to his two daughters, the appellant, Mrs. Elizabeth Baldridge, and one of the appellees, Mrs. Mary Jane Stribling. Mrs. Stribling denies that Mr. Cates, her father, left any estate whatever. However, she admits

in her testimony and in her answer that the deceased, Pleasant Cates, did have some money, to-wit: the sum of three thousand, six hundred dollars which Mrs. Stribling contends the deceased gave her in February, 1906. After the will was probated, Mrs. Baldridge called on Mrs. Stribling and demanded of her that she surrender one half of this sum and any other sum that she had, or that Pleasant Cates had, at the time of his death, which Mrs. Stribling refused to do, claiming that all of his property was hers, made to her as a gift in February, 1906.

The principal testimony in this record to sustain that contention is the testimony of Mrs. Stribling, and the contention that this property was a gift to Mrs. Stribling must virtually stand or fall on her own testimony.

This question has been settled repeatedly by the courts in favor of the appellant's contention, to-wit, that Mrs. Mary Jane Stribling was not a competent witness to testify in her own behalf in this case.

In the case of *Cockrell et al.* v. *Mitchell,* the court said: "The objection to the competency of the appellee as a witness should have been sustained. The purport of his testimony was to show that his father had given him the mule in controversy, and, the father being now dead, the appellee is disqualified to testify as a witness as to any transaction had with him. The case is within the principles of many adjudications of this court. It is entirely covered by *Jackson* v. *Smith,* 68 Miss. 53, 8 South. 258. Judgment reversed." *Cockrell* v. *Mitchell,* 15 South. 41, and a more recent decision in this point is the case of *Burnett* v. *Smith,* 93 Miss. 566.

If the motion of the appellant is sustained, as we contend it should be, then the relief should have been granted to the appellant in this case, for there is nothing here on which Mrs. Stribling can base her contention that this money was a gift to her from her father.

Now, Mrs. Stribling contends that her father gave her this money in February, while the conversation about

which Mr. Cates testifies took place the following June; and R. C. Cates has no interest in this lawsuit and is not claiming any of the estate of Pleasant Cates.

If the motion to suppress the incompetent and irrelevant testimony in this case is sustained, it leaves the appellee without anything whatever on which to stand to sustain their contention. We respectfully submit to the court that this motion ought to be sustained and that the appellant is entitled to an accounting against the appellee for the money belonging to this estate and ought to have her one-half interest in her father's estate.

*E. T. Sykes,* for appellees.

Campbell, J., delivering the opinion of the court in *Jacks* v. *Bridwell,* 51 Miss. 881, says: "The term 'estate of a deceased person' is used, in its broad and popular sense, to signify all property of every kind which one leaves at his death. Therefore, any 'right' asserted against real or personal property left by the deceased person, as accrued to the party by virtue of a dealing between him and such person, since deceased renders the person asserting it incompetent as a witness to maintain in his own behalf such asserted right."

It follows that as shown by the testimony of Mrs. Stribling and that of her husband supported, yea confirmed, by the testimony of W. P. Stribling and W. C. Gryder, the deceased, P. Cates, having disposed of all his property in his lifetime and therefore left no estate in possession at his death, Mrs. Stribling was a competent witness, and could legally testify as to the gift of the money to her by deceased in his lifetime and which gift *inter vivos* of all his property removed it from the operation of any prior will of the decedent. Such gift operated as an ademption of the property and a total revocation of the will which Mrs. Baldridge is seeking to establish. 30 Am. and Eng. Ency. of Law (2 Ed.), 652 (5).

Again if the interest claimed by a witness is shown to have been transferred and delivered (as here the possession of, and title to, the money was delivered by the decedent in life to Mrs. Stribling as an absolute gift) before the death of the decedent, the donee thereof is not disqualified by the statute to testify as a witness to establish his or her claim thereto. *Snell* v. *Fewell,* 64 Miss. 655.

In the above case, Cooper, C. J., speaking for the court says: ''But it must appear either that the witness is interested in the subject-matter or that he was so interested at the time of the death of the decedent. If on the fact developed in the trial it should appear that the interest claimed to have been transferred before the death of the decedent had in fact been transferred after the death, the testimony should be excluded; but where, by the testimony of such witness or otherwise, it was shown that the transfer was made before the death, the witness is competent.''        Citing 1 Greenleaf on Evidence, 422, 424.

I trust I will not be considered presumptious in stating that the cases cited by counsel for appellant in support of his contention do not in any wise conflict with, or weaken the test enunciated in the foregoing cited cases as to the competency of witnesses under Sec. 1917, Code of Miss.        Whilst it is conceded that his cited authorities announce the general rule of evidence in this state, yet, on inspection they will be found not to apply to, or to control cases where the facts are, as in the instant case, to wit, where there is no property or estate of the decedent at the time of his death.

To differentiate the cases one has only to look to the facts involved.        To illustrate:        The court, in *Cockrell* v. *Mitchell,* 15 South. 41, merely reaffirmed the holding of the court in *Jackson* v. *Smith,* 68 Miss. 53, and which it cites.        Now turning to the facts in the last-mentioned case we find them wholly different from those above cited by me as authority.

In the cases cited and relied on by appellant, there was an estate left by the deceased; because, as held in *Jackson* v. *Smith, supra,* "the mule" in controversy, "was part of the estate of Rogers," the decedent "who had died in possession of it."     Hence, Smith the appellee, who claimed the mule under a trust deed, was held to be disqualified to prove his claim and right to the mule as against the estate of Rogers.

In the case of *Jackson* v. *Smith, supra,* Judge Campbell cites *Love* v. *Stone,* 56 Miss. 449, wherein it was held that "The test of competency in this class of cases (involving the construction of Sec. 1917, Code 1906) is whether the estate of the deceased person is the subject-matter of the litigation in which the party is offered as a witness."

In *Walker* v. *Marseilles,* 70 Miss. 283, it is held that, in an action to recover personal property, it is error to exclude testimony for plaintiff that the person, since deceased, under whom defendant claims title, had stated, before defendant's claim arose, that the property was not his. "And so, I contend, it would be error to exclude testimony in this case showing that P. Cates, months before his death and continuously to the date of his death, stated and reiterated the statement to the said witnesses, that the money, to wit, three thousand, six hundred and eight dollars and thirty-five cents delivered by him to his daughter, Mrs. Stribling, on February 18, 1906, was not his, but that it was the money of his said daughter.     Could a gift be more absolute and pronounced?

It will thus be appreciated at a glance that there is no similarity in the facts of the instant case, and those of *Jackson* v. *Smith, supra,* cited and affirmed in *Cockrell* v. *Mitchell, supra.*   In *Jackson* v. *Smith,* the decedent was in the possession of the property, "a mule" at the time of his death, and therefore the court held his grantee to be an incompetent witness.   And thus by fair

101 Miss. 43

implication, the court would have held otherwise had the mule been in possession of claimant at the time of decedent's death.

But, even should the court (which I cannot think it will) holds Mrs. Stribling to be incompetent to testify fully, yet it should hold her competent to lay the foundation for evidence *aliunde,* to-wit: the testimony of S. R. and W. P. Stribling, and that of W. C. Gryder, confirmatory of her testimony of the gift to her in the lifetime of, and by, the said P. Cates. *Cole* v. *Gardner,* 67 Miss. 670, citing *Harper* v. *Lacy,* 62 Miss. 5.

In the first-named case, the court held copying the first paragraph of the syllabi, "even as against the estate of a decedent, a party in interest asserting a claim or defense may testify to the loss of a right in laying the foundation for the introduction of secondary evidence to prove its contents." And in the same case, the cases of *Love* v. *Stone,* 56 Miss. 449 and *Combs* v. *Black,* 62 Miss. 831, are cited, which hold that a party interested is competent to lay the foundation for secondary evidence.

Commenting as to the objection that Mrs. Stribling and the depositions, of those of her witnesses excepted to, "attempt to prove declarations of the decedent which were not against the interest of decedent, and therefore, hearsay." I merely reply that no declaration could be more in derogation of the interest of declarant than were those of decedent, P. Cates, emphatically stating to Mrs. Stribling and to her husband, also to W. P. Stribling and W. C. Gryder, that he, the decedent, for reasons expressed and superinduced by the effect upon him of the Doctor Price letter (embodied in the record), would administer his estate during life, and therefore would, and did give his land and only promissory note to Mrs. Baldridge, and all his money to Mrs. Stribling; that immediately thereafter he proceeded to and did make a deed conveying the land, and delivered possession to

Mrs. Balridge, and also delivered to her his only chose in action; and withdrawing his money (all that he owned) from the bank where deposited, and giving and. delivering possession of it to Mrs. Stribling with whom he proposed, and it was understood, that he would live and be cared for during the remainder of his days on earth, and who would execute his wishes as to burial; surely Mrs. Stribling was competent to testify to such a declaration of fact, in disparagement of declarant's interest or title. For the universal rule of evidence is, that declarations of a deceased owner of property in disparagement of his title, to whomsoever made, are competent against his personal representative and next of kin, or legatees. 16 Cyc. 996 (iv); *Walker* v. *Marseilles,* 70 Miss. 283, citing *Brown* v. *McGraw,* 12 S. & M. 267; *Graham* v. *Busby,* 34 Miss. 276.

Again, that S. R. Stribling is a competent witness for his wife, see *Safford* v. *Herne,* 72 Miss. 470, citing *Ellis* v. *Alford,* 64 Miss. 8.

It is there held that, ''A husband or wife may testify for each other against the estate of a decedent.

McLEAN, J., delivered the opinion of the court.

One of the defendants in the court below, Mrs. Jane Stribling, testified that, a short time before her father's death, he came to her with a roll of money in his hand and said that that was all the money he had left; that he wanted to give it to her, with the understanding that she was to take care of him during his life, and after his death to give him a decent burial; that he actually delivered to her the money, three thousand, six hundred dollars. The appellant, complainant in the court below, objected to this evidence on the ground that the witness was establishing her own claim against the estate of a deceased person. The chancellor overruled the objection. The appellee contends that this witness was not testifying to establish her own claim against the estate

of a deceased person, as the deceased had no estate of any kind at the time of his death in this money, and hence that Sec. 1917 of the Code of 1906 does not apply to the testimony of this witness, and in support of the contention relies upon *Snell* v. *Fewell,* 64 Miss. 655, 1 South. 908. The counsel misconceives the opinion of the court in this case. The witnesses in that case were held competent, for the reason that neither of them was seeking to assert any claim or interest in the property. To say, as appellee contends, that the deceased, the father of Mrs. Mary Stribling, had no estate or interest in the property in controversy, is to assume as true the very point in question. The testimony of this witness was in the teeth of the statute, which declares that "no person shall testify as a witness to establish his own claim or defense against the estate of a deceased person which originated during the lifetime of such deceased person, or any claim he has transferred since the death of such decedent." The claim of Mrs. Stribling to this money arose during the lifetime of the deceased, and the object and purpose of the legislature in enacting this statute was to prohibit this testimony. The following authorities are squarely on the proposition: *Burnett* v. *Smith,* 93 Miss. 566, 47 South. 117; *Cockrell* v. *Mitchell,* 15 South. 41; *Jackson* v. *Smith,* 68 Miss. 53, 8 South. 258.

Mrs. Stribling was a competent witness to prove that she received the letter written by Dr. Price, for the purpose of laying the foundation for the introduction of the letter. *Cole* v. *Gardner,* 67 Miss. 670, 7 South. 500; *Harper* v. *Lacy,* 62 Miss. 5. What purports to be a copy of the letter is attached, as an exhibit, to the defendant's answer; but the letter itself was not introduced, nor was there any evidence accounting for the absence of the original—nothing to show that it was lost or destroyed—and consequently no foundatin was laid for the introduction of its contents, and hence all the evidence relating to the contents of this letter was clearly inadmissible.

The defendants also objected to the testimony of Wm. P. Stribling, S. R. Stribling, and W. C. Gryder, on the ground, chiefly, that their testimony is hearsay. All of the witnesses testified that the deceased, P. Cates, stated to them at different times that he had given his money to Mrs. Mary Jane Stribling, and that she was to take care of him. While these statements of the deceased may be regarded as hearsay; yet they are declarations against interest, and accordingly are admissible; the rule being that declarations, whether verbal or written, made by a deceased person as to facts presumably within his knowledge, if relevant to the matter of inquiry, are admissible in evidence as between third parties (1) when it appears that the declarant is dead; (2) that the declaration was against his pecuniary interest; (3) that it was of a fact in relation to a matter of which he was personally cognizant; and (4) that the declarant had no possible motive to falsify the fact declared. Notes to 94 Am. St. Rep. 673; Am. & Eng. Ency. of Law, vol. 9, p. 8.

The gift or transfer of this money was assailed upon the ground of undue influence; but the complainant failed to meet the burden imposed upon her, and mere suspicion, however strong, is insufficient upon which to set aside the transaction. *Powell* v. *Plant,* 23 South. 402.

Objections were made to other portions of the evidence; but, as no harm could possibly be done to either party, either by the admission or rejection of this evidence, we do not consider it necessary to refer to it.

Disregarding entirely the incompetent testimony, there is ample evidence to support the decree, and the same is affirmed.                                     *Affirmed.*