BROWN *et al. v.* PARKER.*

(Division B,    May 10, 1926.)

[108 So. 492. No. 25721.]

1. WITNESSES. *Plaintiff in action to recover certificate of stock pledged to deceased as collateral, held incompetent to testify that stock belonged to her, and that she had not indorsed it nor con-*

*sented to its use by her brother as security* (*Code* 1906, *section* 1917 [*Hemingway's Code, section* 1577]).

In replevin action to recover from executrix certificate of stock pledged to deceased as collateral, and alleged to have been forged, plaintiff, under Code 1906, section 1917 (Hemingway's Code, section 1577), was incompetent to testify that such certificate of stock belonged to her, and that she had not indorsed it or consented to its use by her brother as security.

2. WITNESSES. *Witness attempting to establish claim against estate of deceased person is incompetent, not only as to transactions had with deceased person, but as to all circumstances and transactions occurring during deceased's lifetime, having tendency to establish claim* (*Code* 1906, *section* 1917, *Hemingway's Code, section* 1577).

Witness attempting to establish claim against estate of deceased person is incompetent, under Code 1906, section 1917 (Hemingway's Code, section 1577), not only as to transactions had with deceased person, but as to any and all facts, circumstances, and transactions occurring during lifetime of deceased having tendency to establish claim of witness.

---

*Corpus Juris-Cyc. References: Witnesses, 40Cyc, p. 2311, n. 79; p. 2322, n. 83; p. 2329, n. 93.

APPEAL from circuit court of Grenada county.

HON. W. W. MAGRUDER, Special Judge.

Replevin by Fannie · Lee Parker against Mary P. Brown, executrix of the estate of Mrs. Ida Phelan, deceased. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Cowles Horton,* for appellant.

Possession of this stock certificate by the executrix is, presumably, rightful and legal; and appellee is not entitled to a judgment unless she prove her right to recovery by a preponderance of the evidence. To meet this burden and being unable to make the proof by anyone else, appellee testified in her own case and on her sole testimony secured a peremptory instruction.

Parker's possession of the stock with the transfer thereon was *prima-facie* evidence of ownership and made him apparently authorized to deal with it as such. 5 S. & M. 699; 6 S. & M. 484; 53 Miss. 607; 92 Miss. 565; 5 R. C. L. 530; 13 Am. Dec. 324; 22 R. C. L. 79; 10 Cyc. 591; 21 R. C. L. 638; 7 R. C. L. 214.

In the condition in which we find this stock certificate it was of a negotiable nature, 56 Miss. 438, 20 L. Ed. (U. S.) 174, 10 Cyc. 589 et seq., without any transfer on the books of the bank, 61 Miss. 613, and besides, this transaction was merely a pledge of the stock and not a sale.

Realizing the fact that she could not recover in this suit unless she took the stand to testify in her own behalf, appellee demanded this right and the court below held that she was a competent witness. This was error. See section 1917, Code of 1906, expressly providing that, "A person shall not testify to establish his own claim or defense against the estate of a deceased person." This statute is as broad in spirit and in fact as it is in its phraseology and contains no exceptions whatever. See, also, *Phebe* v. *Prince,* Walk. 133.

Appellee was legally just as dead as is her adversary, insofar as testifying against her adversary's estate is concerned. This is exactly what the court meant when it said in *Whitehead* v. *Kirk,* 104 Miss. 821, that "The policy of the statute is to close the mouth of the living because death has sealed the lips of the dead."

This court has always adhered with the utmost strictness and exactness to the rule itself, and no exception can be found whatsoever. *Rushing* v. *Rushing,* 52 Miss. 330; *Saffold* v. *Horne,* 72 Miss. 474; *Neblett* v. *Neblett,* 70 Miss. 572; *Jacks* v. *Bridewell,* 51 Miss. 882; *Baldridge* v. *Stribling,* 101 Miss. 667; *Jackson* v. *Smith,* 68 Miss. 53; *Kern* v. *Cooper,* 106 Miss. 895; *Rothschild* v. *Hatch,* 54 Miss. 554; *Ellis* v. *Alford,* 64 Miss. 8; *Duncan* v. *Gerdine,* 59 Miss. 557; *Wetherbee* v. *Roots,* 72 Miss. 355; and *Watson* v. *Duncan,* 84 Miss. 763.

While it is not necessary to go beyond our own state for authorities on this proposition, see *Sutherland* v. *Ross,* 21 Atl. 355; and *Spivey* v. *Rose,* 26 S. E. 701, holding that the interested party is incompetent to prove forgery of a deed against the estate of a deceased person.

The following authorities also illustrate the rule of the court to apply the statute just as it is written in all cases: *Griffin* v. *Lower,* 37 Miss. 458; *Jones* v. *Sherman,* 56 Miss. 560; *Haralson* v. *White,* 38 Miss. 178; *Graham* v. *Taylor,* 117 Miss. 740; *Jackson* v. *Johnson,* 126 Miss. 26.

The fact that the loaning of this money and the taking of this security was attended to by Mrs. Phelan's agent and not herself does not change the statutory prohibition against the appellee's testifying. This proposition is well settled by a number of authorities in this state. *Duncan* v. *Gerdine,* 59 Miss. 550; *Wetherbee* v. *Roots,* 72 Miss. 355; *Hutchinson* v. *Gaston,* 128 Miss. 487.

*A. M. Carothers,* for appellee.

We see no good purpose in attempting in this brief to analyze and harmonize the various decisions of this court in the construction of this statute. The court in *Whitehead* v. *Kirk,* 104 Miss. 816, in referring to section 1917, says: "We do not undertake to harmonize the decisions of this court construing section 1917 of the Code . . ." How can this rule be applicable in the instant case when neither Mrs. Phelan nor Miss Fannie Lee Parker was a party to the transaction? Bear in mind that Miss Parker is not attempting to give any evidence as to anything which transpired between her and the decedent, or between her and the agents of such decedent, as there is not one shred of evidence to show that there was ever any transaction between them. Were Mrs. Phelan alive what testimony could she give which would be opposed to the testimony of Miss Parker? The evidence is that Mrs. Phelan knew absolutely nothing about the transaction except that her son-in-law, Mr. Sharp,

told her that four shares of the Grenada Bank stock would be good security for a loan of five hundred dollars. No mention was made even that the bank stock was in the name of Fannie Lee Parker, and so far as the record shows Mrs. Phelan never even saw the note and security.

If the purpose of the statute is to prevent fraud and imposition from being practiced upon a dead person or his estate, certainly, it should not be used as an instrument of oppression upon a living person. If appellant's position be correct and be sustained, we would have a person's property taken away from her through forgery in a transaction in which she had no part whatsoever, and yet her lips would be sealed by law to assert her right in her own property. Appellant would have the estate of the decedent to be enriched by the fruits of this forgery, while the innocent victim whose property has been taken away from her would not be allowed to open her mouth to protest against the wrong.

Furthermore, the certificate of stock is not a part of the estate of Mrs. Ida Phelan, deceased. It could not become a part of the estate as the result of a forgery. And, too, it is a mere security for the debt of H. M. Parker and there is nothing in the record to show that the note of H. M. Parker is not collectible. But, if it is not collectible, who should be made to suffer—the heirs and devisees of the decedent, who was lending this money for profit, or the innocent owner of the stock whose property is sought to be taken away from her as a result of a forgery?

I have found no Mississippi case where a person offered to testify in a suit against the estate of a deceased person that a certain instrument was a forgery *in toto,* but the best reasoned case I have found on the subject outside the state is that of *Blount* v. *Blount* (Ala.), 48 So. 581.

The wording of the Alabama statute is somewhat different from the wording of ours, but we submit that the purpose and effect of the two are the same.

In 40 Cyc., p. 2260, it is laid down that in matters of this kind the testimony will not be excluded where the case is not clearly within the terms of the statute; and in *Hess* v. *Gourley,* 89 Pa. St. 195, cited in the footnote, it was held that the statute should be liberally construed in favor of competency.

ANDERSON, J., delivered the opinion of the court.

Appellee brought an action of replevin in the circuit court of Grenada county against appellant, as executrix of the estate of Mrs. Ida Phelan, to recover a certificate of stock in the Grenada Bank. At the conclusion of the evidence the court directed a verdict for appellee. Judgment was accordingly entered, from which appellant prosecutes this appeal. The following is deemed a sufficient statement of the controlling facts of the case to develop the question for decision:

H. M. Parker, a brother of appellee, borrowed five hundred dollars from Mrs. Ida Phelan, of whose will appellant is executrix, for the payment of which sum he executed his note, to secure which he pledged as collateral four shares of the capital stock of Grenada Bank. The stock certificate for the four shares so pledged stood in the name of appellee, and bore on its back a blank indorsement in her name. Before payment of the note Mrs. Phelan died, leaving a will. Appellant qualified as executrix of her will. Appellee, claiming to be the owner of the certificate of stock in question, and that the indorsement thereon was a forgery, brought this action of replevin against appellant to recover the same.

The evidence showed that W. K. Huffington represented Mrs. Phelan in making the loan to Parker; that Mrs. Phelan was not present, and, therefore, personally knew nothing of the transaction. The evidence also showed without conflict that appellee was not present during the negotiations for the loan, nor when it was consummated; that she knew nothing of the transaction.

When the trial took place, H. M. Parker, maker of the note, was out of the state. His deposition had not been taken. Over the objection of appellant, appellee testified that the certificate of stock belonged to her, and that she had not indorsed it nor consented to its being used by her brother as security for the payment of his note to Mrs. Phelan. There being no conflict in the evidence to that effect, the court directed a verdict for the appellee. That action of the court is the ground for reversal relied on by appellant.

Appellant contends that appellee was incompetent as a witness under section 1917, Code of 1906 (section 1577, Hemingway's Code), which renders incompetent any person to testify as a witness to establish his own claim against the estate of a deceased person which was originated in the lifetime of such deceased person.

Appellee's position is that under the statute she was not barred from testifying that the alleged indorsement on the back of the certificate of stock was a forgery; that the statute only rendered her incompetent as a witness as to transactions had directly and personally between her and the deceased, Mrs. Phelan; that she was rendered incompetent as a witness only as to such matters in reference to which Mrs. Phelan was prevented from testifying on account of her mouth being closed by death; that the latter, if living, could not have given testimony with reference to whether the indorsement on the certificate of stock was forged or not, because she had no knowledge touching that question. Putting it differently, appellee's contention is that under the statute the mouth of the living party to the transaction is only closed as to such matters as the mouth of the dead party has been closed by death; that appellee's testimony was addressed to no such transactions, and, therefore, it was competent.

There is no decision of this court which has given the statute such a narrow construction. The statute does not render the witness seeking to establish his own claim against the estate of a deceased person incompetent alone

to give testimony as to conversations, contracts, and other transactions had with the deceased person. The witness is incompetent under the statute not only as to those matters but as to any and all facts, circumstances, and transactions occurring during the lifetime of the deceased having a tendency to establish the claim of the witness against the estate of such deceased person, whether such facts, circumstances, and transactions took place with, or in the presence of, the decedent or not. *Jacks* v. *Bridewell,* 51 Miss. 881; *Rushing* v. *Rushing,* 52 Miss. 329; *Rothschild* v. *Hatch,* 54 Miss. 554; *Duncan* v. *Gerdine,* 59 Miss. 550; *Ellis* v. *Alford,* 64 Miss. 8, 1 So. 155; *Jackson* ·v. *Smith,* 68 Miss. 53, 8 So. 258; *Neblett* v. *Neblett,* 70 Miss. 572, 12 So. 598; *Wetherbee* v. *Roots,* 72 Miss. 355, 16 So. 902; *Saffold* v. *Horne,* 72 Miss. 470, 18 So. 433; *Watson* v. *Duncan,* 84 Miss. 763, 37 So. 125; *Baldridge* v. *Stribling,* 101 Miss. 666, 57 So. 658; *Whitehead* v. *Kirk,* 104 Miss. 776, 61 So. 737, 62 So. 432, 51 L. R. A. (N. S.) 187, Ann. Cas. 1916A, 1051; *Kern* v. *Cooper,* 106 Miss. 895, 64 So. 838; *Waldauer* v. *Parks* (Miss.), 106 So. 881.

In the Rothschild case the court said: "The reason the statute prohibits any person from proving his own claim against the estate of a deceased person is the same which made the common-law rule of exclusion on the ground of interest," etc.

In the Duncan-Gerdine case the court said: "It is not what the witness testifies to that makes him competent or incompetent under the statute, but it is the fact that the controversy is between the living and the dead; and the silence which death has imposed on the one the law imposes on the other; absolute equality is sought by the statute, and beyond this we did not go in the case cited."

We think the meaning of our decisions clearly is that the mouth of the living is closed not only as to transactions had between the living and the dead, but as to all matters taking place during the lifetime of the decedent. The determination of the question will not depend on whether the dead party, if living, would be able to give

evidence touching the issue. A case can be well imagined in which the living witnesses might differ widely as to whether the dead person had cognizance of any of the material facts of the case. Such construction of the statute would make it in many cases most difficult of application.

We hold that, death having closed the mouth of the dead person as a witness as to all of the material facts of the. case, the statute closes the mouth of the living party as to such facts occurring in the lifetime of the decedent.

It follows from these views that the trial court erred in permitting appellee to testify. She was incompetent under the statute.

*Reversed and remanded.*