S. S. HOFFMAN ET AL. v. GEORGE H. SMITH ET AL.

1. PARTITION   *Solicitor's fee.   Section 2577, Code of 1880, construed.*
   Section 2577, Code of 1880, is designed particularly for cases in which some of the owners in common of land proceed for partition, and the proceeding, not resisted by others, is conducted by the solicitor of the complainant alone, but is not limited to those.

2. SAME.   *Power to allow.*
   The power to allow a reasonable solicitor's fee exists in all cases of partition or sale of property for division of proceeds.

3. SAME.   *Exercise of the power.   Contested proceeding.*
   The power to allow a solicitor fee in suits for partition should be exercised with caution and confined as nearly as possible to those cases in which there is no contest and no necessity for the defendants to have counsel of their own.   When there is a real controversy and propriety in defendants being represented by their own counsel they should not be required to contribute to pay counsel of their adversary.

4 SAME.   *Fee how fixed.*
   The court may fix the amount of the solicitor's fee, but should be circumspect to prevent abuse as to the amount.

APPEAL from the Circuit Court of Hinds County.

HON. E. G. PEYTON, Chancellor.

Parties owning over a half interest in the property filed a bill for sale for partition. The owners of the other interests resisted the sale in good faith upon several substantial grounds. The case was argued and the Chancellor directed a sale to be made. A sale was made and set aside. Another sale was made and also set aside. From the decree setting aside the last sale an appeal was taken to this court and here decided. The case will be found reported *ante, Allen* v. *Martin,* page 78. When the case came up again for distribution of the fund in the chancery court, the attorneys for the complainants asked that five hundred dollars be allowed them out of the fund as a fee under § 2577 of the Code of 1880. The court decreed that for filing the bill and obtaining the decree the

solicitors for the complainants were entitled to a fee, but were entitled to no fee for any part they may have taken in the contests about the sales, and that the court considered five hundred dollars a reasonable fee and ordered it to be paid. From this order an appeal is taken, and it is objected here (1) *that under the statute no fee can be allowed in a case like the one at bar,* (2) *that the court cannot fix the fee.*

*E. E. Baldwin* and *Wells & Williamson,* for the appellants.

The two questions in this appeal are, first, whether, under the statute, a solicitor's fee can be allowed by the court to the solicitor of the complainant in a case of partition when the defendants are represented by counsel and the case is litigated, or whether the allowance is to be restricted to cases in which the solicitor of the complainants is the only solicitor in the cause and conducts the whole proceedings in a formal friendly partition, does all the work in it, and in reality is the solicitor of all the partitioners, although approving of record as representing only a part of them. This latter class, it would seem, are the cases meant, as it is contrary to the policy of the laws of this State to force a litigant to pay the attorneys' fees of his adversary and our whole system of practice abhors it, and it is only allowed in some few cases and then only in actions of *tort* when malice has been shown. Those States which have a similar statute to that in force in this State are notably Indiana, Ohio, Wisconsin, and Missouri. Of all these the statutes of Missouri is most nearly identical with ours. In these States is to be found but one decision on this particular point, that of *Lowe* v. *Phillips,* 21 Ohio St. 657. This is a very meagre and unsatisfactory report, and simply decides that a reasonable fee may be allowed to the counsel for the complainant, " who prepares the papers and conducts the proceedings " in the cause. It is evident that the court rendering such decision intended that the fee should be allowed only where there was no one preparing the papers and conducting the proceedings but the solicitor of the complainant, which is the view we contend for as the equitable one, as otherwise the court would be empowered to force partitioners to pay a fee to an attorney for endeavoring to get the advantage of them, and

another fee to their own solicitor for protecting their interests in the same matter. The second and remaining question in this cause is whether the power given by the statute "to allow a reasonable fee," includes the power "to fix" a fee. The statutes of this State and of Missouri are almost identical. See Wagner Mo. Statutes, Vol. II, 974. Now the Supreme Court of Missouri in *Draper* v. *Draper*, 29 Mo. 13, and *Lucas Bk.* v. *King*, 73 Mo. 590, hold that this gives no power to the judge to *fix* any fee of such attorney, but that it must appear of record that the complainant and his attorney agreed upon a certain fee, and that the power of the court is restricted to saying whether such agreed fee is reasonable or not and reducing it if deemed unreasonable, and that the measure should be not the amount of the property to be partitioned, but the amount of the interest therein of the complainant, thus protecting the defendants from being forced to pay for services rendered adversely to them and stipulated for by a person, perhaps, owning but a small interest in the property.

*Shelton & Crutcher*, for the appellee.

In reply to the first objection I need only refer to the case of *Kelly* v. *Miles*, decided by this court at the April term, 1883. The facts there are the same as in this case. There the defendants were represented by solicitors. I find no assignment of errors in the case, but the brief of Messrs. Calhoon & Green, for the appellants, on page 1, shows that this was the very question in issue. This court renders no opinion, but simply affirms the action of the lower court in allowing a fee to the complainants' solicitors. See *Kelly* v. *Miles*, No. 4308, decree in minute book G, 144. The reason of the case is with us. If the solicitor is allowed a fee for simply filing a bill and obtaining a decree, much more should he be when he has to fight opposing counsel at every step in the case. As to the second objection, that the court cannot fix the fee, the order shows that the court did not fix the fee. Solicitors asked to be *allowed a fee of five hundred dollars,* and the court only decided that that was a reasonable fee. This is doing only what counsel say the Missouri court holds that the court can do—pronounce upon the reasonableness of the fees.

CAMPBELL, C. J., delivered the opinion of the court.

Section 2577 of the Code of 1880 confers authority on the court to allow a reasonable solicitor's fee to the solicitor of the complainant in partition suits, to be taxed as a common charge on all the interests. "It is intended to confer power on the court to make the common property bear the cost of partition made for the good of all by allowing a solicitor's fee for instituting and conducting the proceedings, without which partition or sale would not have been made." *Potts* v. *Gray*, 60 Miss. 57. It gives the court discretion to be exercised to effect justice by imposing the reasonable cost of a common benefit on all who share it. It is designed particularly for cases in which some of the owners in common of land proceed for partition, and the proceeding, not resisted by others, is conducted by the solicitor of the complainant without any other solicitor being engaged in the cause. But it is not limited to those. The power to allow a reasonable solicitor's fee exists "in all cases of the partition or sale of property for division of proceeds." It should be exercised with caution, and be confined as nearly as possible to the class of cases for which it was designed, *i. e.*, those in which there is no contest between the parties to the suit, and, therefore, no necessity for the defendants to have counsel of their own. If there is controversy between the parties and propriety in the defendants being represented in the cause by their own counsel, they should not be required to contribute to pay the counsel of their adversary and who antagonized their interest in the suit. To allow a fee to the solicitor of the complainant in such a state of case is an abuse of the discretion conferred by the statute. In this case partition or sale of the land was sought by those owning little more than half of the interests. It was resisted and the defendants were represented by their own counsel. There was a real contest between the parties, who disputed as to the right to have partition or sale of the land. The contest appears to have been waged in good faith on the part of the defendants. In such case it is not proper to allow as a common charge a fee to the solicitor of the complainant, and the court erred in doing it. In *Kelly* v. *Miles* we held that the discretion conferred by statute was not

abused, and affirmed a decree allowing a fee to the solicitor of complainant as a charge on the common property. We thought the facts of that case justified it. The facts of this do not. The statute should not be permitted to be abused. The discretion it confers should be employed to make the common property bear the burden of a common benefit enuring to all the owners who had no just occasion to have their own counsel in the case. Merely because the defendant engaged his own solicitor the court should not deny a fee to the solicitor of the complainant, but because the defendant required a solicitor from the exigency of his cause and employed one he should not be required to pay his adversary. In each case it is for the court on considering all of the facts to determine as to the allowance. We reject the suggestion that the court may not fix the amount of the solicitor's fee. It may, and should be circumspect to prevent abuse as to the amount.

*Decree reversed and cause remanded.*