Statement of the case.


DARIUS D. LIVERMAN ET AL. v. ADA LEE ET AL.

1. EVIDENCE.  *Estate of decedent.*  Code 1892, § 1140.
    A defendant, claiming land as against the estate of a decedent,
    cannot, under Code 1892, § 1140, establish a claim, which originated
    in the lifetime of the decedent, by the testimony of a person
    through whom the title is alleged by him to have passed and from
    whom the defendant purchased after the death of the decedent.

2. PARTITION.  *Sale for division of proceeds.  When void.*
    Where the terms of a decree directing a sale in partition were
    not complied with, and the purchase money was not paid, and
    the note for the deferred payments required by the decree was not
    given, and no commissioner's deed was executed in pursuance of
    the sale, the sale was void, and passed no title out of the owners.

3. SAME.  *Rights of purchaser.  Tax liens.  Subrogation.*
    Where a payment by a bidder at a void sale under a decree in
    a partition suit was applied to the satisfaction of a tax lien on
    the land, the bidder became subrogated to the rights of the holder
    of the tax lien, and a decree for the sale of the land in a sub-
    sequent suit for partition should direct the payment of such
    sum to the bidder.

4. SAME.  *Equities between parties.*
    Where a bidder at a void sale under a decree for partition made
    a payment to the owners, he should be repaid out of the pro-
    ceeds on a sale under a decree in a subsequent suit for partition.

5. SAME.  *Solicitor's fees.*
    Where the sale under a decree in a suit for partition was void
    because the terms of the decree were not complied with, com-
    plainants in the suit are not entitled to credit for attorney's
    fees and court costs, payable out of the proceeds of a valid
    sale, under a decree in a subsequent suit.


FROM the chancery court of Lafayette county.

HON. JULIAN C. WILSON, Chancellor.

Ada Lee and others, the appellees, were complainants in the
court below; Liverman and others, the appellants, were defend-

ants there. From a decree in complainants' favor the defendants appealed to the supreme court.

Appellees, Ada Lee, Chas. Liverman, Byron Liverman, Dudley Liverman, Emma Liverman, and Belle Liverman, filed their bill in the chancery court of Lafayette county against appellants, J. M. Mooney, G. W. Hollowell, W. V. Sullivan, and D. D. Liverman, seeking to have certain land described in the bill sold for partition. The bill alleges that complainants are grandchildren of John D. Liverman, who died in 1877, seized and possessed of said land, leaving five children as his heirs, and D. J. Liverman, one of said children, died, leaving complainants his heirs, and that complainants are the joint owners of an undivided seven-fifteenths interest in the land; that the defendants claim to have some interest in the land, but complainants did not know or understand the amount or nature thereof; that a bill was filed in this court in 1897 in the name of these complainants, or some of them, for sale of said land for a division of the proceeds, and a decree was rendered in November, 1897, and a sale made in January, 1898, for half cash, balance payable in twelve months, with interest, which was confirmed in May, 1898; that complainants were then all minors without guardians, and residing in the state of Texas, and had no knowledge or notice of these proceedings, and the bill was filed without their knowledge or consent; that their interests were incorrectly stated in the bill and decree, and they were not properly protected; that the terms of the sale were never complied with, nor the payment made as required by said decree, and no deed was ever made by the commissioner, and that complainants have never received any part of the money. The prayer is that the defendants disclose by their answer what interest they have or claim in the lands, and how they acquired it, what they paid for it, and to whom they paid it, and that a decree be rendered for the sale of said land for partition. The defendants, Mooney, Hollowell, and Sullivan, answered the bill, in which they denied that complainants have any interest

in the land, and averred that the defendants, Hollowell and
Mooney, are the real owners of same; that the entire interest
which John D. Liverman owned at the time of his death passed
by conveyances made by his children to E. J. Liverman; and
that E. J. Liverman afterwards conveyed it to W. V. Sullivan,
who afterwards conveyed it to defendants, Hollowell and
Mooney; that these complainants, without excuse or shadow of
justice, instituted a proceeding some years ago for the partition
of said land, when in truth and in fact they had no interest in
it; that E. J. Liverman and G. W. Anderson were made parties
defendant to that suit; that the attorney who represented E. J.
Liverman misapprehended the exact status of the case, and
this resulted in a decree for the sale of the land; that the title
of the land was then and had been for several years in W. V.
Sullivan, but said Sullivan, being absent, preferred to pay a
nominal sum rather than to be required to return and expend a
greater sum in defending the suit.   Considerable testimony was
taken.   The original bill in the former suit for partition alleged
that G. W. Anderson had bought the land at a tax sale.   B. P.
Gray testified that he was appointed commissioner to sell the
land in that suit; that he made the sale and reported it to the
court, but never made a deed to the purchaser; that he received
in cash the sum of $108.40, which was paid to him by W. V.
Sullivan; that of this sum he paid the attorney for the com-
plainants $47.20, to G. W. Anderson for tax claim on the land,
$35, court costs and commissioner's fees $26.19; that of the
sum paid complainants' attorney $25 was attorney's fee and
$22.20 he received for distribution among complainants.   W.
V. Sullivan testified that the heirs of John D. Liverman,
who originally owned the land, desiring to realize on their
uncertain interests, offered to sell to their mother, E. J. Liver-
man, and conveyances were made by each of them to their
said mother, he, Sullivan, paying the purchase money; that
these heirs came at different times, and he, Sullivan, drew the
deeds, and they were handed to a daughter of Mrs. E. J. Liver-

man to take care of for her mother; that Mrs. E. J. Liverman conveyed the land in her lifetime to Jane Liverman, who sold it to Sullivan, who in turn sold it to the defendants, Hollowell and Mooney. None of the deeds testified as having been made by Sullivan were offered, and no proof of their loss was made. On motion of complainants, the deposition of Sullivan was suppressed in so far as it attempted to prove title to the land in himself. The final decree directed the land to be sold for partition, holding the former decrees ordering the sale and confirming same to be null and void. From that decree the defendants appealed to the supreme court.

*Quin & Robertson,* for appellants.

The decree appealed from should be reversed and the cause remanded on the ground that the decree of the court below does not in any particular recognize the equities of the defendant, W. V. Sullivan, who certainly had a right to a refund of money paid out to George Anderson and to other petitioners at the first partition sale. The money paid by Sullivan in these instances was for the protection of all concerned, and most assuredly should be repaid to him.

*Kimbrough & Kimbrough,* for appellees.

The first decree of sale was void as to the co-tenant not a party to the suit, and therefore is void as to all the parties. *Moore* v. *Summerville,* 80 Miss., 323.

On the trial of the case, Sullivan, the chief party defendant, offered his own deposition to prove title in himself to the land in controversy by conveyance made in the lifetime of the ancestor of appellee, through which ancestor they claim. His deposition was suppressed in so far only as it undertook to prove by parol his title. His deposition was properly suppressed, because it was an effort to establish his own claim against the estate of a deceased person, which originated in the lifetime of such decedent.

TRULY, J., delivered the opinion of the court.

The chancellor ruled correctly on every important proposition of law presented for his consideration.

His ruling in suppressing the deposition of Sullivan is sustained by firmly established principles. It was manifestly incompetent as contravening the statute, which forbids a claim against the estate of a deceased person which originated in the lifetime of the decedent being established by the testimony of the person asserting the claim.

The chancellor correctly held that the sale made by virtue of the decree in the first partition suit was void, and passed no title out of the owners. Regardless of other causes, it appears that the terms of the decree directing sale were not complied with, the purchase money was not fully paid, the note for the deferred payment was not given, and no commissioner's deed was executed in pursuance of such sale. But while it is true that the sale under the first partition vested no title, yet it appears from the testimony of the special commissioner that certain moneys paid by the bidder at said void sale were applied to the satisfaction of a tax lien which Anderson held on the land at the time of the sale, and this payment by operation of law subrogated him to the rights of Anderson. Therefore the decree here under review should have directed the payment of the $35 to W. V. Sullivan instead of G. W. Anderson, Anderson having already been paid in full with Sullivan's money. And, as this sum was expended for the protection of the entire estate, he was entitled to a refund of the same. It also appears from the testimony of the special commissioner that $22.20 of the money paid by Sullivan under the void sale was paid to complainants in the original suit through their solicitors. This statement, being uncontradicted and unexplained, leads to the conclusion that Sullivan would be entitled to receive a credit for this amount as well, and that the same should be charged against the appellees who received this sum, and deducted

from their interests in the proceeds of the sale which is now held in the court for distribution.

The chancellor correctly held that appellants were not entitled to credit for the money applied to the payment of attorney's fees and court costs in the original proceeding.

We would, as requested, modify the decree in this court without remanding the cause, but the record fails to disclose which of the complainants in the original suit received any portion of the proceeds of the first sale; hence we are unable to say to whose interest it should now be charged.

The decree is affirmed in all matters save as to the application of the two items of $35 and $22.50, and the cause is remanded for entry of decree as to these sums in accordance with the views herein expressed.

*Modified and remanded.*