T. W. HARDY, EXECUTOR, *v.* D. D. RICHARDS.

[60 South. 643.]

PARTITION. *Real controversy. Solicitor's fees. Allowance. Code* 1906, *section* 3542.

While section 3542, Code 1906, provides that, in cases of partition or sale of property for division of proceeds, the court may allow a reasonable solicitor's fee to the solicitor of complainant, to be taxed as a common charge on all interest, and to be paid out of the proceeds in case of sale, yet it is well settled that such fee should not be allowed where there is a real controversy between the parties and where there is a propriety in a defendant being represented by counsel of his own.

APPEAL from the chancery court of Lowndes county. HON. J. F. McCOOL, Chancellor.

Suit for partition by D. D. Richards, guardian of Mrs. S. B. Hardy, against T. W. Hardy, executor of the estate of Cornelius Hardy, deceased. From an order allowing attorney fees the executor appeals.

The facts are fully stated in the opinion of the court.

*Sturdivant, Owen & Garnett,* for appellant.

It was error to direct the special commissioner to pay to Judge Newman Cayce and William Baldwin, solicitors for complainant, a solicitor's fee of eight hundred dollars out of the joint funds of the said Mrs. Sallie Bibb Hardy and the said T. W. Hardy, one-half thereof to be charged against the share of each of said parties, as compensation for being largely the means of said properties bringing their full value, and procuring and conducting said sale. It is contended by T. W. Hardy, the appellant here, that his share of the estate, being partitioned, should not be taxed with any part of said fee.

Whatever right the complainant may have to make the solicitor's fee of eight hundred dollars a charge upon the joint funds of the estate being partitioned, is based upon section 3542 of the Mississippi Code of 1906, which is as follows:

"3542. Solicitor's fees allowed in certain cases. In all cases of the partition or sale of property for division of proceeds, the court may allow a reasonable solicitor's fee to the solicitor of the complainant, to be taxed as a common charge upon all of the interests, and to be paid out of the proceeds in case of a sale, and to be a lien on the several parts in case of partition."

The construction of this section of the Code by the supreme court of Mississippi, and the construction of similar statutes by the courts of last resort in other states, show that a solicitor's fee to the solicitor of the complainant is not to be allowed and made a charge against the joint estate where the partition suit is not amicable, where there is a controversy between the parties, where the defendant has or in good faith believes he has a substantial defense, where there is necessity for the defendant to employ counsel to represent his interest in the partition proceedings. It is not necessary that the defendant should prevail in the controversy.

It is sufficient if he had a substantial defense, and made his defense in good faith, and needed counsel to represent him. We think the true rule was laid down by CAMPBELL, C. J., in *Hoffman* v. *Smith*, 61 Miss. 547; when he said:

"If there is a controversy between the parties and propriety in the defendant's being represented by his own counsel, he should not be required to pay the counsel of his adversary, who antagonized his interest in the suit. To allow a solicitor's fee in such a state of the case is an abuse of the discretion conferred by the statute. In this case partition or sale of the land was sought by those owning little more than half of the interests. It was resisted and defendants were represented by their own counsel. There was a real contest between the parties, who disputed as to the right to have partition or sale of the land. The contest appears to have been waged in good faith on the part of the defendants. In such cases it is not proper to allow as a common charge a fee to the solicitor of the complainant, and the court erred in doing it. Because the defendant required a solicitor from the exigency of his cause and employed one, he should not be required to pay his adversary."

"If the defendant has, or in good faith believes he has, a good and substantial defense to the action, and employs an attorney to present it, such defendant is not answerable for any part of the fees of complainant's attorney. . . . Generally anyone litigating any issue is not chargeable for the services of any attorney who acted in hostility to him." 30 Cyc. 299 (c), Partition.

"Where the defense to partition was passed on a duly executed will, the effect of which was set up against a deed of the same property, and was held good in the trial court but the judgment was reversed on appeal, it was a substantial defense preventing the taxing of complainant's attorneys' fees as costs of the proceeding, under the statute directing the apportionment of fees, un-

less some defendant should interpose a substantial defense." *Bliss* v. *Seeley,* 61 N. E. 524.

"Where partition proceedings were not amicable, and there was an honest difference of opinion between the parties and their counsel as to the rights of the various parties, and the property was valuable, though the partition was granted, as prayed for in the bill, it was proper: to refuse to allow a portion of the fees of complainant's solicitor to be taxed against defendants." *Jones* v. *Young,* 81 N. E. (Ill.) 1042.

"Under statutes providing that in partition of real estate, where the rights of all parties in interest are set forth in the bill, the costs, including a reasonable solicitor's fee, shall be apportioned among the parties, unless the defendants, or some of them, shall interpose a good and substantial defense, it is not required that such defense shall be successful, but only that it shall be of a substantial character, made in good faith, and on reasonable grounds." *Metheny* v. *Bohn,* 45 N. E. (Ill.), 1011.

"Where the title to property involved in partition proceedings is put in issue, and all parties are represented by counsel, neither may have attorney's fees taxed at the expense of the common property." *Oziah* v. *Howard,* 128 N. W. (Iowa) 364.

"Where parties appear by counsel and contest a petition for partition, they should not be required to pay the fees of the attorney of their adversary." *Osborne* v. *Eslinger,* 80 Am. St. Rep. (Ind.) 240.

"Iowa Code allowing attorneys' fees to be taxed as part of costs in action for partition, does not apply to an action to determine a disputed title, though in form an action for partition." *McClaim* v. *McClaim,* 3 N. W. 60.

The foregoing authorities, we think, set forth the true rule to be applied in taxing the complainant's solicitor's fee upon the whole estate to be partitioned.

*William Baldwin,* for appellee.

It would be but a useless waste of the time of this court to reply to the various cited interpretations of the courts of other states of their respective statutes—all of which are different, and differing from our statute, section 3542 of the Code of 1906. Suffice it to say that our statute, section 3542, gives the right to the chancery court in which a partition proceeding is pending. To use the language of the statute: "In all cases of the partition or sale of propetry for division of proceeds, the court may allow a reasonable solicitor's fee to the solicitor of the complainant, to be taxed as a common charge upon all of the interests, and to be paid out of the proceeds in case of sale, and to be a lien on the several parts in case of partition." Here is given the absolute right to the chancery court in all cases of partition to allow the complainant's solicitor reasonable compensation for the partition proceeding, to be exercised in the discretion of the trial court, which is on the ground and knows the varying circumstances of each case. It is not contended, however, that that discretion, if plainly abused, cannot be reviewed, and ought not to be revised by this court.

The bill for partition of these lands was prepared and filed by that good man, and learned and conscientious lawyer, Judge Newman Cayce, now gone to his reward and now before a Higher Court than any tribunal of this world, and to characterize his conduct in filing this bill at the date of its filing as done with "sweaty haste" is an unkind, gratuitous flying at this good man, gone to his long home, and was probably born of disappointment at the fact that the bill for partition was filed by Mrs. Sallie B. Hardy before that undertaking was made by T. W. Hardy, and the consequent fee to his attorneys. *Hinc illae lachrymae.*

Sec. 3542 of the Code of 1906 reads thus:

"3542. (3119) Solicitor's fee allowed in certain cases.—In all cases of the partition or sale of property

for division of proceeds, the court may allow a reasonable solicitor's fee to the solicitor of the complainant, to be taxed as a common charge on all the interests, and to be paid out of the proceeds in case of a sale, and to be a lien on the several parts in case of partition.''

This statute has been part of our statute for many years, and has been frequently passed upon by this court. I will give hereinafter those decisions.

The contest over the allowance of the attorney's fee, when there has been such, has always arisen in this sort of case as will be seen by those decisions, to-wit:

Where complainant has filed a bill, asking for partition or sale of property, and the defendant has resisted the claim of complainant, the contest over the respective rights of the parties has been made in that suit and determined in that suit. This court will find this true in each and every case where there has been contest of the attorney's fee under this statute.

In such cases, this court has held that it is not right to make the defendant pay the complainant's attorney's fee. To use the language of the supreme court in *Neblett* v. *Neblett,* 70 Miss. p. 580:

''It cannot be that the statute was intended to fix upon the defendants, claiming in good faith a hostile title, the burden of paying the fee of the solicitor of their successful adversaries for the services in defeating this title.''

Now we have no such case here. It is true that when the bill for partition was filed by complainant, that T. W. Hardy, as executor of the estate of C. Hardy, resisted the sale, but that resistence was made by T. W. Hardy, as executor of the estate of C. Hardy in another suit, totally separate from this suit, and all action in this case was postponed until the hearing and determination by the supreme court of the contest between the parties, to-wit: D. D. Richards, guardian of Mrs. Sallie B. Hardy, and T. W. Hardy, executor of the estate of C. Hardy in that case.

Now, if that fight had been made in this suit, that fight
—not that issue—then of course this court would not al-
low an attorney's fee in this case, charged against T. W.
Hardy, for the very patent reason given by the court
just quoted; that is to say, "it cannot be that the statute
was intended to fix upon the defendants, claiming in
good faith a hostile title, the burden of paying the fee
of the solicitor of their successful adversaries for his
services in defeating this title. That fight was, however,
in another suit—the suit formerly decided by this court
wherein the court decided adversely to T. W. Hardy, and
held that the chancery court could renounce the will of
an insane widow, where the terms of the will of her hus-
band were unjust to her. See *Hardy* v. *Richards, Guar-
dian,* 54 So. 76.

Now we are making no claim against T. W. Hardy,
or T. W. Hardy, executor of C. Hardy, for any fee for
defeating his attempted wrong on Mrs. S. B. Hardy. He
has nothing to do with the payment of our fee for that
service as said in the opinion just quoted. The chancery
court of Lowndes county had ordered the renunciation
of the will of the deceased husband, C. Hardy, on April
9, 1909, and the decree of the court of that date so en-
tered. Thereupon, on April 9, 1909, Mrs. Sallie B.
Hardy became tenant in common to an undivided one-
half interest in this property.

She, thereafter, on April 17, 1909, filed her bill for par-
tition of the property. It will hence be observed that
the title to her one-half interest in the properties was
settled by the decree of the chancery court, at the time
the bill for partition was filed, and surely there has never
been any reversal of that decree. On the contrary,
when thereafter, T. W. Hardy sought an appeal to this
court from that decree, this court affirmed it.

But the point here brought to the attention of this
court, is that at the time of the filing of the bill for parti-
tion by Mrs. Sallie B. Hardy, that her rights in the prop-

erty sought to be partitioned had been adjudicated and determined by a court of competent jurisdiction. And it is submitted that because T. W. Hardy appealed from that decree it did not disturb its binding force and effect, pending its affirmance by this court.

Complainant filed her bill, asking for the sale of these lands, alleging that they were incapable of partition in kind, and that a sale would be necessary. T. W. Hardy comes in, and in his answer (see par. 6, p. 4) states the following: "(6) This defendant, further answering, says that he admits the allegations in complainant's original bill that said property cannot be equitably partitioned in kind, and that a sale thereof would be for the best interest of the owners thereof."

This court will observe that here is no pretense of any controversy, but that he admits that it is true; the sale is ordered, and we (Judge Cayce and the writer), in spite of his efforts to the contrary as purchaser, made the property bring its full value. Now, why should not the common fund, secured by our efforts, pay us for our services in procuring a sale, conducting a sale, and getting full value for the property?

The supreme court, in speaking of this section allowing an attorney's fee, said, in *Hoffman* v. *Smith*, 61 Miss. 547: "CAMPBELL, C. J., delivered the opinion of the court. Section 2577 of the Code of 1880 confers authority on the court to allow a reasonable solicitor's fee to the solicitor of the complainant in partition suits, to be taxed as a common charge on all the interests. 'It is intended to confer power on the court to make the common property bear the cost of partition made for the good of all by allowing a solicitor's fee for instituting and conducting the proceedings, without which partition or sale would not have been made.'" *Potts* v. *Gray*, 60 Miss. 57. It gives the court discretion to be exercised to effect justice by imposing the reasonable cost of a common benefit on all who share it. It is designed partic-

ularly for cases in which some of the owners, in common, of land proceed for partition, and the proceeding not resisted by others is conducted by the solicitor of the complainant without any other solicitor being engaged in the cause. But it is not limited to those. The power to allow a reasonable solicitor's fee exists "in all cases of the partition or sale of property for division of proceeds."

This was repeated and emphasized in *Neblett* v. *Neblett,* 70 Miss. 579. So we have this court in two cases *supra,* using the same language; that is, that while this statute was "designed particularly for cases in which some of the owners in common of land proceed for partition, and the proceeding, not resisted by others, is conducted by the solicitor of the complainant without any other solicitor being engaged in the cause. But it is not limited to those. The power to allow a reasonable solicitor's fee exists 'in all cases of the partition or sale of property for division of proceeds.' "

This court in the *Hoffman case,* 61 Miss. 48, says: "The statute should not be permitted to be abused. The discretion it conefrs should be employed to make the common property bear the burden of a common benefit enuring to all the owners who had no just occasion to have their own counsel in the case. Merely because the defendant engaged his own solicitor the court should not deny a fee to the solicitor of the complainant, but because the defendant required a solicitor from the exigency of his cause and employed one he should not be required to pay his adversary. In each case it is for the court, on considering all of the facts, to determine as to the allowance. We reject the suggestion that the court may not fix the amount of the solicitor's fee. It may, and should be circumspect to prevent abuse as to the amount."

This case of *Hoffman* v. *Smith* is thus freely and repeatedly dwelt upon, because, as the court will observe, in the later cases, that it is the leader, which they all follow and are based upon.

Argued orally by *Chas. L. Garnett,* for appellant.

REED, J., delivered the opinion of the court.

The question for our decision in this case is whether the chancellor erred in allowing a fee of eight hundred dollars to solicitors for complainant, to be paid out of the proceeds of the sale of property in partition proceeding, and charging it against the interests of both parties.

Dr. Cornelius Hardy died on December 13, 1908, leaving a will in which he devised a large part of his estate to Thomas W. Hardy, appellant herein, to be held in trust for the support of his widow, Mrs. Sallie Bibb Hardy, during her life; she being at the time confined in the asylum for the insane at Meridian. On April 8, 1909, Mrs. Hardy was brought before a jury in Lowndes county and duly adjudged to be insane, and on the same day the appellee, the chancery clerk of that county, was appointed and qualified as her guardian, and still on the same day he, as guardian, filed a renunciation of the will, and on the next day the chancery court by decree confirmed the renunciation made by the guardian. On April 16, 1909, a decree was entered authorizing an appeal to the supreme court from the decree confirming the renunciation by the guardian to settle the principles of law.

On April 17th the original bill for partition was filed by the appellee as guardian against appellant, praying for partition in kind of the personal property of the estate of Dr. Cornelius Hardy, and a sale for partition of the real estate. Appellant was summoned to appear at the October term, 1909, of the court, and on October 2, 1909, he filed a demurrer to the bill. The appeal was prosecuted, and this court rendered its decision on January 30, 1911, sustaining the action of the chancery court in confirming the renunciation of the will. See case of *Hardy* v. *Richards,* 98 Miss. 625, 54 South. 76, 35 L. R.

A. (N. S.) 1210. The demurrer was not disposed of until final decision in this court. The partition suit remained pending in the chancery court until after this court had rendered its decision; then the demurrer was withdrawn, and an answer and cross-bill filed by appellant. In the cross-bill appellant described a lot belonging to the estate of Dr. Hardy, which was omitted in the original bill, and which should have been included, so that all of the real estate owned by the parties could be partitioned. He also gave a list of personal property still in his hands as executor and unsold, and asked for partition of the personal property between himself and Mrs. Hardy.

The appellee, complainant in the court below, answered the cross-bill, and therein claimed that two notes, for one thousand dollars each, which appellant had stated in his answer and cross-bill that he could not collect, be charged against appellant's interest in the estate. The record shows that the land was duly sold for division of the proceeds, and the personal property divided among the parties, and that the court continued for further hearing the question regarding the disposition of the two notes for one thousand dollars each.

It will be seen that at the time of the filing of the bill for partition there was pending upon appeal to the supreme court a proceeding to settle the right of the renunciation of a will by the guardian of a widow who was *non compos mentis,* and that this case was being actively contested, and that, unless this court should sustain the finding of the chancellor, Mrs. Hardy would not own in fee a share of the estate, and her guardian could not successfully maintain the suit filed for partition. We find in the brief of counsel for appellee the statement, in referring to the case which was appealed, that all action in the suit for partition "was postponed until the hearing and determination by the supreme court of the contest between the parties." It will also be noted that appel-

lant, even after it was necessary to withdraw his demurrer because of the decision by this court sustaining the chancellor, filed pleadings which appear to have been necessary, and in which he brought in for sale certain real estate which had been omitted in the original bill for partition, and in which he contests appellee's claim to have certain notes charged against him, which contest, it appears, had not been finally decided when the fee was allowed in this case. It seems, therefore, that there was a real controversy between the parties in this suit, and that it was proper for the appellant to be represented by counsel.

Section 3542 of the Code of 1906 provides that, in cases of partition or sale of property for division of proceeds, the court may allow a reasonable solicitor's fee to the solicitor of complainant, to be taxed as a common charge on all interests, and to be paid out of the proceeds in case of a sale. But it is well settled that such fee should not be allowed where there is a real controversy between the parties, and where there is a propriety in a defendant being represented by counsel of his own. In the case of *Hoffman* v. *Smith*, 61 Miss. 544, Chief Justice CAMPBELL very clearly states the law relative to the allowance of solicitor's fee in cases like the present one. In delivering the opinion, he said: "It should be exercised with caution, and be confined as nearly as possible to the class of cases for which it was designed; i. e., those in which there is no contest between the parties to the suit, and, therefore, no necessity for the defendants to have counsel of their own. If there is controversy between the parties, and propriety in the defendants being represented in the cause by their own counsel, they should not be required to contribute to pay the counsel of their adversary, and who antagonized their interest in the suit. To allow a fee to the solicitor of the complainant in such a state of case is an abuse of the discretion conferred by the statute." He also stated in the opinion

that, where "the defendant required a solicitor from the exigency of his cause and employed one, he should not be required to pay his adversary."

This announcement of the rule by Judge CAMPBELL has been approved in the cases of _Neblett_ v. _Neblett,_ 70 Miss. 572, 12 South. 598, _Walker_ v. _Williams,_ 84 Miss. 392, 36 South. 450, and _Bowles_ v. _Wood,_ 90 Miss. 742, 44 South. 169. The burden of paying a portion of the fee in this case should not have been placed upon appellant.

*Reversed and remanded.*