E. M. CARPENTER ET AL. v. WADE CARPENTER ET AL.

[61 South. 421]

1. PETITION. *Allowance of attorney fees. Appeal and error. Stipulations. Parties entitled to allege error. Code 1906, section 3542.*
While as provided by Code 1907, section 3542, the court may in all cases of the partition or sale of property for division of proceeds allow a reasonable solicitor's fee to the solictor of complainant to be taxed as a common charge on all the interest involved, yet this should not be done where defendants have a "just occasion to have their own counsel in the case;" and such occasion

is shown where the defendant's attorney found several errors in connection with the statement of the property to be partitioned, which errors it was necessary to correct, for a proper and legal division of the land.

2. APPEAL AND ERROR. *Waiver. Parties entitled to claim error.*

Where a decree in partition erroneously allowed a solicitor's fee to complainant's solicitor, to be taxed as a common charge on all the land, it will not be reversed as to such defendants who appealed, but who had previously signed an agreement that the decree might be carried into effect, nor as to such defendants as did not appeal and made no response, though summoned to appear in the appeal.

APPEAL from the chancery court of Leake county.

HON. J. F. McCOOL, Chancellor.

Suit by Wade Carpenter and others, against E. M. Carpenter and others. From the decree, certain defendants appeal.

The facts are fully stated in the opinion of the court.

*O. A. Luckett* and *Flowers, Alexander & Whitfield,* for appellant.

This fee should not have been allowed. There was a real controversy between the parties. There was a propriety in the defendants' being represented by counsel. It was necessary that an answer be filed? The bill filed by complainants contained various damaging mistakes. There were many errors in the bill. Eighty acres of land that never at any time belonged to deceased were inserted in the bill and by the prayer of the bill the court was asked either to partite this eighty acres or to sell same, land that was owned by outside and disinterested parties. The prayer in the bill, when granted, would have invited and brought on lawsuits.

Complainants' bill omitted eighty acres of land that was owned by the deceased and should have been included and partited. Complainants' bill included the exempt homestead of the widow of deceased and the prayer asked

that this be either partited or sold.  Hence complainants'
bill would have resulted in the course of time, in many se-
rious complications and invited and would have brought
on, as a natural consequence, many costly lawsuits, which
would gradually have eaten up and destroyed the entire
·estate.

The defendants discovered these numerous errors and
mistakes.  They employed counsel.  They paid him a fee
and they pointed out these mistakes and corrected com-
plainants' bill.  It was necessary that they do so.  There
was a necessity for the defendants to employ and be rep-
resented by counsel.  There was a propriety in their do-
ing so and there was a real controversy between the par-
ties.  Under the facts in this cause and under the law,
·as repeatedly and so recently announced by this court, ap-
pellants should not be forced to pay a fee to their adver-
sary who opposed and complicated and antagonized their
interests.

This court, as now constituted, has, as recently as Jan-
uary 27, 1913, settled and forever put at rest, in a most
·clear, decisive and able opinion by Justice REED, this iden-
tical question.  We refer to the case of *Hardy* et al v.
*Richards,* reported in the Advance Sheets of 60 So. 643.
It would be superfluous for us to undertake to make
clearer this lucid announcement of the law.

We cite the opinion and the cases referred to therein
:as absolutely conclusive of this cause.

*L. Brame,* for appellees.

A glance at the record shows the wide difference be-
tween this cause and that of *Hardy* v. *Richards,* 60 So.
643.  In that case there was a direct conflict between the
rights of the parties in the partition proceedings.  They
litigated between themselves, and as there was a contro-
versy between them as to the interest or title of the res-
pective parties, of course; the solicitors' fee was disal-
lowed.  So, too, of the other cases referred to in the opin-
ion.  Let us see.

In the case of *Hoffman* v. *Smith,* 61 Miss. 547, CAMP-
BELL says: ''There was a real contest between the par-
ties, who disputed as to the right to have partition or
sale of the land.'' The facts showed that there was a
controversy as to the title of the contending parties.
Judge Campbell refers. to one of the parties as the ''ad-
versary'' of the other.

. Not so in this case. There was no controversy or con-
test whatever between the parties either as to title or the
right to partition. On the contrary, the answer, which
was filed by all the defendants, after referring to a cor-
rection in a discription of part of the land, recites that
''the defendants join in the prayer of complainants that
said land be partitioned among the several heirs of said
deceased, if can be, and if not, then that a sale of the
lands take place.'' In *Neblett* v. *Neblett,* 70 Miss. 572,
there was a ''real controversy,'' and Judge COOPER, in de-
livering the opinion of the court, on page 580, says that
there was a great volume of testimony as to the services
rendered by the solicitor in litigation which resulted in
the cancellation of a conveyance made by one of the par-
ties in interest to another. Of course the solicitors could
not in such case ask that the adversary of his client should
contribute towards paying his fee. As to this, the opin-
ion says: ''It cannot be that the statute was intended to
fix upon the defendants, claiming in good faith a hostile
title, the burden of paying the fee of the solicitor of their
successful adversaries for his services in defeating their
title.'' 70 Miss. 580.

In the case of *Walker* v. *Williams,* 84 Miss. 392, the
statement of facts on page 394 shows that the purchase
by one of the parties, ''E. B. Williams, was fraudulent
and void, and asked that it be set aside,'' and that the de-
fendants answered setting up a claim for taxes and
claimed rent for complainant. Nothing of that kind in
this case.

On *Bowles* v. *Wood,* 90 Miss. 742, the opinion says:
''This was a controverted case, and not a proper case, in

our view, for taxing her with any solicitors' fee.  Her position was adversary to complainant.''  90 Miss. 750.

We see, therefore, how wide of the mark counsel are in relying upon the former decisions of this court on this question.

The mere fact that in the description of the large body of land in this case there was found some errors, which errors were suggested by the defendant in their answer and were corrected by amending the bill, cannot operate to deprive the solicitators of their fee.  In their very answer calling attention to the erors the defendant joined in the prayer of the bill and asked that partition, or a sale for division, be made.  This was acquiescence in the proceedings of the solicitors for partition and amounted to a request for the solicitors (who had filed the bill and gotten all the parties into court and were proceeding with the cause) to go ahead and attain the end desired by all the parties, the partition of the land.

Manifestly the parties could not after this cut in, divide the land themselves and thus deprive the solicitors of their fees.

REED, J., delivered the opinion of the court.

A bill for partition of certain land was filed by three of the owners of undivided interests therein, and the remaining owners, seven in number, were made defendants.  The defendants employed a solicitor, who, upon examination, found errors in the bill of complaint relative to the land sought to be divided in kind.  An answer was prepared for defendants by their solicitor and duly filed.  In this it was shown that eighty acres of lands owned by all the parties, and which they desired and intended to be partitioned, were omitted, and that other lands, amounting to eighty acres were included in the bill which were not owned by the parties, and that forty acres which the bill charged were subject to partition were a part of the homestead of the widow, and therefore exempt, and could not

be partitioned. These errors appear to have been admitted by complainants, and leave of court was obtained to amend the bill in order to correct the mistakes pointed out by the answer. After the filing of the answer, the owners of the land, being the parties complainant and defendant, made a partition of the property by deeds conveying the particular part allotted to each. Some time after this the defendants filed a supplemental answer, showing that this friendly partition had been made by the parties, and that further action in the proceedings in the court were not necessary, and praying that the case might be dismissed at complainants' cost. Complainants moved the court to allow to their solicitors a reasonable fee, to be a common charge upon all the land partitioned. From the action of the court in sustaining this motion, three of the defendants, Mrs. Mary E. Carpenter, E. M. Carpenter, and Earl Carpenter, prosecuted this appeal.

The law provided in the statute, section 3542, Code of 1906, touching the allowance of solicitor's fees in proceedings for partition, was very clearly stated and well settled in the opinion delivered by Chief Justice CAMPBELL in the case of *Hoffman* v. *Smith,* 61 Miss. 544. This case has been followed by this court in a number of cases, including the recent case of *Hardy* v. *Richards,* 60 South. 644. Judge CAMPBELL in his opinion stated that the statute "is designed particularly for cases in which some of the owners in common of land proceed for partition, and the proceeding, not resisted by others, is conducted by the solicitor of the complainant, without any other solicitor being engaged in the cause. But it is not limited to those. The power to allow a reasonable solicitor's fee exists 'in all cases of the partition or sale of property for division of proceeds.' . . . The statute should not be permitted to be abused. The discretion it confers should be employed to make the common property bear the burden of a common benefit inuring to all the owners who had no just occasion to have their own counsel in the case.

Merely because the defendant engaged his own solicitor, the court should not deny a fee to the solicitor of the complainant; but, because the defendant required a solicitor from the exigency of his cause, and employed one, he should not be required to pay his adversary. In each case it is for the court, on considering all of the facts, to determine as to the allowance.''

The record in this case shows that the defendants had a ''just occasion to have their own counsel in the case.'' The exigency of their cause was such as to justify them in the employment of a solicitor. Therefore they should not be required to pay a portion of the fee due to the solicitors of complainants. It was the defendants' solicitor who found several errors in connection with the statement of the property to be partitioned. It was very important, and, in truth, necessary, for the proper and legal division of the land, to have these errors corrected. The complainants recognize the value of the services of defendants' solicitor by obtaining leave of the court to correct the errors. Considering all the facts as presented in this case, we conclude that the chancellor erred in making the fee of the solicitors for complainants a common charge upon the interests of all the parties.

We notice in the papers in this case an instrument, signed by four of the parties, in which they agree that the final decree of the chancellor may be carried into effect. Among these is one of the appellants, Mrs. Mary E. Carpenter. Two of the defendants in the court below, who did not join in the appeal, and did not sign the agreement just mentioned, were summoned to appear in this appeal, but they have made no response.

The decree in this case is therefore reversed, in so far as it affects E. M. Carpenter and Earl Carpenter, appellants, and defendants in the court below, and as to them the motion is overruled.

*Overruled.*