BILLINGSLEY *v.* BILLINGSLEY ET AL.

[75 South.   547.]

PARTITION. *Attorney's fee of complainant.*

A defendant in a partition suit should not be charged with any part of complainant's attorneys fee, where he was successful in part through his initiative and because of the efforts of his own counsel in securing the relief asked for in his answer.

APPEAL from the chancery court of Tate county.

HON. J. G. McGOWEN, Chancellor.

Partition suit by Mrs. Etta Billingsley and others against W. B. Billingsley. From the part of the decree allowing complainants attorneys fee, defendant appeals.

This was a suit for partition filed in the chancery court by appellees against appellant. The prayer of the bill was that commissioners be appointed to go upon said lands and divide them in kind, or if the court should determine that said lands were incapable of fair and equal division, then that they be sold for division among complainants and defendants. The defendants answered, averring that the land could not be divided in kind, and joining in the petition for the sale of same, and praying that the court should charge the complainants, in the distribution of the proceeds of said sale, with rents received by them from said lands since the death of their mother from whom they inherited it. On the hearing the court appointed a commissioner to sell the land, which was done, and the court ordered a division of the proceeds among the heirs, and, upon hearing objections to the report of the commissioners, disallowed the owelty reported by the commissioners in favor of complainants, and charged complainants with rent reported by the commissioners, but allowed complainants solicitor's fee, the same to be charged against all the interests in the estate, and from the action allowing the solicitor's fee defendant appeals.

*J. A. Dean,* for appellant.

It has been repeatedly announced by this court that where a real controversy existed, that where it was necessary for the defendant to employ counsel to protect his interests that he would not be compelled to assist in paying opposing counsel, who antagonized that interest. Here there was real litigation, so fierce and evenly balanced that the court was unable to determine

for himself whether it was better to sell or divide in kind, and appointed commissioners for that purpose. Here complainants did not propose to pay any rent but rents had to be forced out of them by opposing counsel, here complainants denied any waste and while the court decided the point in favor of complainants, there was a sharp conflict in the evidence, a real controversy over the timber, then the commissioners brought in their report awarding owelty to complainants and their report was vigorously attacked and excepted to by defendants and the exceptions were allowed and the owelty was disallowed, as evidence that the services of an attorney were necessary for defendant, the records and decrees show that by his services defendant and minors saved for themselves three hundred and fourteen dollars and seventy-two cents, to which complainants and their solicitors insisted that they were not entitled and in the face of these facts the decree of the court compels defendants not only to pay his own lawyer but to assist in paying the attorneys for complainant to the tune of five-sevenths of their fee. This is not the law and fortunately has never been.

In *Hoffman* v. *Smith,* 61 Miss. 544, Chief Justice CAMPBELL stated the law in such cases which has been followed and approved in *Neblett* v. *Neblett,* 70 Miss. 572; *Wakler* v. *Williams,* 84 Miss. 392; *Bowles* v. *Wood,* 90 Miss. 742; *Smith* v. *Stansel,* 93 Miss. 69; *Hardy* v. *Richards,* 103 Miss. 548; *Carpenter* v. *Carpenter,* 104 Miss. 403.

The language of Judge CAMPBELL, which all the decisions since that date have followed and approved is as follows: "It (the allowance of a solicitor's fee) should be exercised with caution and be confined as nearly as possible to the class of cases for which it was designed, i. e., those in which there is no contest between the parties to the suit and therefore no necessity to have counsel of their own. If there is controversy between the parties and propriety in defendants being repre-

sented by counsel of their own, they should not be re-quired to pay the counsel of their adversary who antag-onized their interests in the suit. To allow a fee to the solicitor of the complainant in such a state of case is an abuse of the discretion conferred by the statute. Where the defendant required a solicitor from the exigency of his cause, and employed one, he should not be required to pay his adversary.''

There were several controversies in this cause. The testimony of many witnesses was taken, some of the con-troversies defendant won and some he lost. "The exigencies of his cause required a solicitor and he em-ployed one and he should not be required to pay his adversary'' and therefore the cause should be reversed and remanded and all the fee of complainants' solicitors taxed against them.

*Holmes & Sledge,* for appellee.

Although solicitor for appellant has assigned as error the action of the chancellor in allowing a fee of one hundred and fifty dollars taxable against the whole estate partitioned, however, as a matter of law and fact, the sole question now properly before this court is whether or not the chancellor erred, or abused the dis-cretion granted him by statute, in allowing a fee of one hundred and fifty dollars to solicitors for complain-ants, and taxing the interest of appellant with its proportionate part, or four-sevenths thereof. We contend that there was no real controversy in this matter.

Section 3542, Mississippi Code of 1906, and which reads as follows: "Solicitor's fee allowed in certain cases. In all cases of the partition or sale of property for division of proceeds, the court may allow a reason-able solicitor's fee to the solicitor of the complainant, to be taxed as a common charge on all the interests, and to be paid out of the proceeds in case of a sale, and to be a lien on the several parts in case of partition."

114 Miss.—45

We submit that the allowance of a reasonable fee was in the sound discretion of the chancellor, and nowhere does appellant contend that the fee of one hundred and fifty dollars as allowed was an unreasonable one, except in that he contends that he should not, or rather his interest in the lands partitioned should not be taxed with any part thereof; and we further contend in this matter that the services of solicitors for appellees were necessary and proper, and all of which work of the solicitor for appellees were finally approved by the court; and we hardly presume that this court will presume that the allowance was improperly made.

No abuse of discretion is shown. In fact appellant has presented no ground whatever for even a criticism of the chancellor's action.

Solicitor for appellant cites the following cases: *Hoffman* v. *Smith,* 61 Miss. 544, in this case there was a real controversy or "contest between the parties, who disputed as to the right to have partition or sale of the land." The contest was waged in good faith on the part of defendants." And it was under such state of facts that the court held in this decision that it was not proper to allow as common charge a fee to the solicitors for complainants.

*Neblett* v. *Neblett,* 70 Miss. 572, 12 So. 544, as cited by counsel for appellant certainly should not control in the case at bar, for in the *Neblett case,* we find a question of this title involved, and bill asking for the cancelling of a deed which was contested most vigorously and in good faith.

In the case of *Bowles* v. *Wood,* 44 So. 44, 90 Miss. 742, we find one of the parties in interest claiming title to all of the property when another party in interest filed a bill for partition and seeking an accounting for rents, etc., and there was a real controversy, and defendant's position in this case adversary to complainant, while in the case at bar appellant was only opposed to appellees having their interest in the lands partition-

ed and in fact all lands, but only until he found that appellees were to have a home, and then he switched and wanted his interest in said lands partitioned, and not sold, blowing hot and cold.

In fact we take no issue with counsel for appellant on any of the cases cited by him in support of his contention, on the facts as they existed therein, but do take issue with him that any of the cases cited him should control the case at bar, under the state of facts therein; however, we desire to call the court's special attention to the case of *Carpenter* v. *Carpenter,* 104 Miss. 403, 61 So. 421, as cited by appellant in his brief and which case the defendant's solicitor discovered error in the complaint relative to statements of the property to be partitioned showing that they had just occasion to have counsel of their own in the case, and we think this case thoroughly in accord with the law.

We specially call the court's attention, however to the case of *Carpenter* v. *Carpenter,* 104, Miss. 403, because in this case there is one very important question decided, which should control in the case at bar. See *Carpenter* v. *Carpenter,* 16 So. 421, 104 Miss. 403. And for the cause above enumerated and in equity and good conscience we respectfully ask that this case be affirmed.

SMITH, C. J., delivered the opinion of the court.

Appellant's contention that the land here in question could not be divided equitably in kind appears to have been made in good faith, and was successful in part; and, while neither his claim for rent due him by appellees, nor for relief from the owelty allowed appellees by the commissioners and charged on his share of the land was resisted by appellees, he obtained the award of the first, and relief from the second, on the initiative and because of the efforts of his own counsel. We are therefore of the opinion that he should not be charged with any portion of the fee of appellees attorneys. The

decree of the court below will be reversed, and the cause remanded in so far as it allows this attorney's fee, but in all other respects will remain in full force and effect.

*Reversed and remanded in part.*