Brower *et al. v.* Rosenbaum & Little *et al.*

[87 South. 131, No. 21381.]

Parition. *Charging defendant's interest with fee of complainant's solicitor error.*

Where there is a real contest between the complainants and the defendants as to whether or not the complainants are entitled to maintain their suit, and the partition of the property is resisted in good faith by the defendants, the defendants are entitled to be represented by counsel of their own choice, and it is error to charge their interest with any part of the fee of the solicitor of the complainants.

APPEAL from chancery court of Lauderdale county.
HON. G. C. TANN, Chancellor.
Suit by Rosenbaum & Little and others against A. J.
Brower and others, with cross-bill by defendants. Judg-
ment for plaintiffs, and defendants appeal. Reversed, and
judgment rendered for defendants.

*C. B. Cameron* and *John W. McCall,* for appellants.

*Baskin & Wilbourn, Ross A. Collins* and *R. M. Bor-
deaux,* for appellees.

No brief found in the record for counsel on either side.

SYKES, J., delivered the opinion of the court.

This appeal from a decree of the chancery court of
Lauderdale county presents the sole question whether or
not that court was correct in allowing a solicitor's fee for
the appellees, complainants in the lower court, out of the
proceeds of a sale of timber; the fee being taxed against
the interests of all of the owners of the timber. This fee
was allowed under section 3542, Code of 1906 (Heming-
way's Code, section 2854).

In their bill the complainants claimed title to an un-
divided four-elevenths interest in the timber growing up-
on certain described lands in Lauderdale county, and that
certain defendants by the name of Brower owned the other
interest in the timber, and that the title to the lands was
in the Browers and the defendants, the two Smiths. The
title of all the parties is deraigned in the bill. Complain-
ants claim their title to the timber by virtue of a deed of
conveyance from the two defendants, the Smiths. The
prayer of the bill is to the effect that the complainants'
interest be made available, that the timber on the lands
be partited or sold for a division, or that the lands be
partited and a four-elevenths interest be set aside to the
two Smiths, regard being had to the rights of the com-

plainants in the entire timber, or that the lands, including the timber, be sold for a division of proceeds, and that the complainants receive a four-elevenths interest in the value of the timber, and also for a reasonable fee. General relief is then asked.

The defendants, the two Smiths, in a separate answer to the bill claimed that the deed from them to the complainants was procured through false and fraudulent representations, and specifically set out the facts which, if believed by the chancellor, would have sustained this allegation. By the answer they offered to return the purchase money paid them for their interest in the timber. The answer is also made a cross-bill, and then asks that the deed to the complainants be canceled upon their return of this purchase money.

The defendants, the Browers, in their separate answer to the bill denied any personal knowledge of the execution of the deed by the Smiths to the complainants. They aver that before the execution of the deed by the Smiths to the complainants all of the timber on these lands had been contracted for and sold to other parties, and that the papers were in process of preparation at the time of the alleged sale to the complainants, and that the complainants had notice of this fact. They alleged that a partition is not desired by the real owners, and that the complainants are without title to the timber,' so they are informed, and are not entitled to the relief prayed for in the bill, and they ask that the relief prayed for by the complainant be denied.

The cause was heard upon bill, answer, and cross-bill of the two Smiths, and the answer of the defendants, the Browns, and testimony. The cross-bill was dismissed, the relief prayed for in the original bill was granted, and the timber was ordered sold for a division of the proceeds, and was sold. Upon motion the chancellor then allowed the solicitors of the complainants a fee of one thousand two hundred sixty dollars to be paid out of the entire proceeds of the sale.

It is contended by the appellees that there was no *bona-fide* contest between the complainants and the Browers, that there were no issues raised by the answer of the defendants the Browers, and consequently that the court was correct in charging their interest, as well as that of the complainants, with this fee. The sufficiency of the answer of the defendants, the Browers, was not challenged in the court below. No objection was in any wise raised to the sufficiency of this answer. Conceding that the answer was too vague and general, yet it denied the title of the complainants and denied that they were entitled to a partition or sale of the timber. The answer of the Smiths specifically denied the title of the complainants. In the introduction of the testimony the complainants assumed the burden of showing their title by introducing the deed record of the county wherein the deed to the complainants to this timber was recorded.

The defendants the Browers made common cause with their relatives, the Smiths, and several of the Browers testified as well as the Smiths, this testimony going to show that the complainants procured their deed by false and fraudulent representations. In other words, there was a *bona-fide* contest as to the title of the complainants in which all of these defendants joined. The Browers were interested in knowing who were their co-owners of this timber. They had the right to challenge the validity of the title of the complainants. If they failed to specifically challenge this title in their answer, the sufficiency of this answer could have been objected to, and, if the objections had been sustained, the court would have permitted them to amend. The cause was tried upon the theory that the answer sufficiently put in issue this title. There was a real contest as to complainants' title and whether or not he could maintain the bill. In order to protect their interests and ascertain who were the co-owners of this timber, and whether or not the timber alone should be sold, or the land together with the timber partited, the defendants were entitled to counsel to represent them. The in-

terests of the complainants and the defendants were antagonistic. This court has repeatedly construed section 3542, Code of 1906 (Hemingway's Code, section 2854).

In the case of *Hoffman* v. *Smith,* 61 Miss. 544, there was a contest between the complainants and the defendants. In this opinion, in referring to the statute, it is said that:

"It is designed particularly for cases in which some of the owners in common of land proceed for partition, and the proceeding, not resisted by others, is conducted by the solicitor of the complainant without any other solicitor being engaged in the cause. But it is not limited to those. The power to allow a reasonable solicitor's fee exists 'in all cases of the partition or sale of property for division of proceeds.' It should be exercised with caution, and be confined as nearly as possible to the class of cases for which it was designed; i. e., those in which there is no contest between the parties to the suit, and therefore no necessity for the defendants to have counsel of their own. If there is controversy between the parties and propriety in the defendants being represented in the cause by their own counsel, they should not be required to contribute to pay the counsel of their adversary and who antagonized their interest in the suit. To allow a fee to the solicitor of the complainant in such a state of case is an abuse of the discretion conferred by the statute."

In that case the court held that there was a real contest between the parties, waged in good faith, in which event it is not proper to allow as a common charge a fee to the solicitor of the complainant.

In the case at bar there was a real contest as to whether or not the complainants were the co-owners of the timber with the Browers, and whether or not they were entitled to maintain the suit. The defendants, the Browers. contested this title in good faith, and resisted a sale of the timber for a division of the proceeds. This being true, the court below erred in making this fee a common charge upon the entire proceeds derived from the sale of the timber. *Potts* v. *Gray,* 60 Miss. 57; *Neblett* v. *Neblett,* 70

Miss. 572, 12 So. 598; *Walker* v. *Williams,* 84 Miss. 392, 36 So. 450; *Liverman* v. *Lee,* 86 Miss. 370, 38 So. 658; *Bowles* v. *Wood,* 90 Miss. 742, 44 So. 169; *Hardy* v. *Richards,* 103 Miss. 548, 60 So. 643; *Carpenter* v. *Carpenter,* 104 Miss. 403, 61 So. 421; *Billingsley* v. *Billingsley,* 114 Miss. 702, 75 So. 547.

The decree of the court below is reversed, and the solicitor's fee charged against the interest of the defendants is disallowed.

Reversed, and judgment here for the defendants.

*Reversed.*