SUTTON v. SUTTON.

In Banc. April 24, 1950.

No. 37457 (45 So. (2d) 736)

F. D. Hewitt, for appellant.

**B. D. Statham,** for appellee.

**Lee, J.**

The only question on this appeal is whether or not the court erred in refusing to allow complainant's attorney a fee to be paid out of the whole proceeds of the partition sale of land.

Appellant, Annie Sutton, filed her bill against the appellee, Julius Sutton, in which she sought the following relief: (1) to set aside a decree of divorce theretofore entered; (2) to appoint a commissioner to sell the land described in the bill; (3) to sell a Ford car and other personal property in the house for a division; and (4) for a lien on the appellee's part of the property for back rent.

The appellee answered the bill, and denied that complainant was entitled to any relief whatever.

Subsequently, an agreed decree was entered confirming the divorce, dismissing the claim of appellant to the Ford car, the personal property and back rent, dividing the furniture and personal property in the house equally between them, and appointing a commissioner to sell the land. By the terms of the decree for the sale, it was provided that "after paying all court cost and attorney's fee, the proceeds to be equally divided between the complainant and defendant, giving to each a one-half interest."

In other words, appellant consented to the denial of relief to her in the several respects mentioned, and appellee consented to pay one-half of the attorney's fee for the partition.

However, ██ ██ when the report of the commissioner came on for confirmation, the court refused to allow any part of the fee for appellant's attorney to be paid out of appellee's part. This was error. The appellee had agreed to pay one-half of this fee. The court was without authority to change the agreement—it should have been enforced.

From what has been said, it will be seen that those cases, absolving a defendant from liability for any part of attorney's fee, where a real controversy is involved; Hoffman v. Smith, 61 Miss. 544; Brower v. Rosenbaum and Little, 125 Miss. 87, 87 So. 130; Hardy v. Richards, 103 Miss. 548, 60 So. 643; Carpenter v. Carpenter, 104 Miss. 403, 61 So. 421; and Billingsley v. Billingsley et al., 114 Miss. 702, 75 So. 547; have no application.

Wherefore, this cause is reversed and remanded, with direction to the lower court to allow appellant's attorney a reasonable fee out of the proceeds from the sale of the lot. When this has been done, and the costs of the proceedings have been paid, the residue is to be divided equally between the appellant and the appellee.

Reversed and remanded.