CONGER v. SHAW, et al.

In Banc. May 9, 1949.

(40 So. (2d) 308)

H. T. Holmes, Rupert Ringold, J. E. Aldridge and
J. D. Guyton, for appellant.

Maurice R. Black, J. C. Neill, and Satterfield, Ewing & Hedgepeth, for appellees.

598

**McGehee, C. J.**

The appellant J. W. Conger is a practicing attorney at law of Winona, Mississippi. He represented a number of complainants in filing and conducting a partition proceeding in the Chancery Court of Carroll County, which resulted in a decree for the sale of approximately 350 acres of land for division of the proceeds among the complainants and defendants as tenants in common of the land. There were approximately 25 parties to the suit who held undivided interests in the land after some of the original tenants in common had conveyed their respective shares. The defendants to the proceeding filed an answer through their own attorneys but they neither challenged the alleged ownership of the land by the several tenants in common as stated in the bill of complaint, nor did they contest the alleged right of partition. The

defendants were willing for the land to be sold for division of proceeds as prayed for by the complainants, but claimed rents, etc., from the complainants who had been in possession of the land but who had made expenditures for repairs and taxes. None of the alleged equities of any of the complainants and defendants as against each other were allowed.

At the conclusion of the hearing in the partition proceeding, which was conducted and concluded on the merits during an afternoon, the Chancellor rendered an oral opinion in accordance with the view above stated, and to the further effect that the land was "not susceptible of division in kind, and that it is to the best interest of all of the parties that same be sold and the proceeds derived therefrom divided among the owners thereof as their respective interests appear, and as set out in the complainants' bill and agreed to by the defendants."

The oral opinion above referred to, which was taken in shorthand by the court reporter, but not transcribed and filed in court in that proceeding, concluded with the following statement:

"The court holds that this is a controverted matter, and that it will not adjudicate any attorneys fee to either complainant or defendant, believing it is the business of each of the parties to pay their own attorneys."

At the hearing in the case now before us the trial court expressly found, in the decree here appealed from, that the appellant is hard of hearing and that he did not hear the oral statement of the Chancellor last above quoted.

The appellant thereafter prepared the interlocutory decree for the sale of the land, which adjudicated the respective undivided fractional interests of the several parties to the proceeding, appointed the Clerk as a Commissioner to make the sale on the first Monday of August, 1947, and directed him to report the same for confirmation in vacation at the office of the Chancellor in the City of Philadelphia, Mississippi, at noon, on Saturday, August 16, 1947. No reference was made therein either

to the allowance or disallowance of attorney's fees. This decree was submitted to one of the attorneys of the defendants and was carefully considered by him "paragraph by paragraph," according to his testimony, and no objection was made in regard thereto. That is to say, he O. K.'d the same as a compliance with the holding of the Court as to form upon the theory that it was unnecessary for such holding to be recited therein.

After preparing this interlocutory degree the appellant prepared all further proceedings in the case, including the notice of sale by the Commissioner, the report of the Commissioner for confirmation, the decree of confirmation, the calculation of the net amount to be paid by the Commissioner to each of the respective tenants in common, and the Commissioner's deed to the purchaser, after having induced bidders to attend the sale, at which he was personally present, and where the property was sold for $6,600 in cash, a fair and satisfactory price to all parties concerned.

In the decree confirming the sale rendered at the time and place fixed by the interlocutory decree, the Chancellor ordered that the Commissioner pay the appellant J. W. Conger, attorney for the complainants, the sum of $500, "allowed and fixed as a common charge upon all the interests of the parties, (the legal services) having been for the good of all, for instituting and conducting the proceedings in this cause, in view of all the facts of the case, and the testimony of the defendants who testified that they desired the sale of the property and did not resist the sale, . . ."

The allowance of this fee was then and there discussed between the Chancellor and the appellant as to the proper amount to be paid for the legal services rendered, without any effort on the part of the attorney to mislead the Chancellor in the matter, since he had the right to assume that he would be allowed a reasonable fee for his services which had been rendered for the benefit of all of the parties to partition proceeding, but it appears that

the Chancellor had for the time being overlooked or forgotten his oral pronouncement from the bench during the regular term of the court to the effect that he would not adjudicate the allowance of an attorney's fee. ██ ██ And at the hearing in the instant proceeding, filed by the attorneys for the defendants in the partition suit to require a refund of the fee to the Clerk as Commissioner, the court further adjudicated as a fact, and we think properly so, that the appellant had been guilty of no fraud in connection with obtaining the allowance of such fee. Moreover, we are of the opinion that the allowance of the fee was eminently correct and proper as a common charge against the entire proceeds of the sale, since the allegation of the bill of complaint in that suit as to the ownership of the land by several tenants in common named either as complainants or defendants was not controverted and the right of the complainants to have the land sold for a partition of the proceeds was not contested.

On the following Monday after the rendition of the confirmation decree the appellant filed the same with the Chancery Clerk and on the next day one of the attorneys for the defendants saw the decree and became thereby advised of this allowance of an attorney's fee to the appellant. This was before a distribution of the proceeds of the sale among the several tenants in common was made on the following Thursday after the confirmation was had on Saturday, August 16, 1947. The distribution of the proceeds of the sale was therefore made at a time when the attorneys of both the complainants and the defendants knew that the $500 fee to the appellant had been allowed and was being deducted therefrom, and no request was made of the Chancellor or the Commissioner to hold up such distribution, although complaint was soon made to the Chancellor in regard to the allowance.

The present proceeding, charging the appellant with having perpetrated a fraud on the Chancery Court, on his own clients, on the defendants in the partition proceeding, and of being guilty of conduct unbecoming an

attorney, as well as contempt of court, and also seeking to have disciplinary action taken against him by the court, was filed on December 3, 1947, returnable to the regular January 1948 term. A demurrer to the petition, which thus sought a citation for contempt, a mandatory order requiring the appellent Conger to refund the $500 fee to the Commissioner, and prayed for disciplinary action against him, having been sustained, an amended petition in that behalf was filed and made returnable to the June, 1948, term of the court, and it alleged among other things that the appellant was in the courtroom and heard the oral opinion of the Chancellor when rendered prior to the preparation of the interlocutory decree for the sale of the land, and that he knew that the Chancellor had announced that he would not adjudicate any attorney's fees to either complainant or defendant. However, on the hearing of the present proceeding the Chancellor expressly found as aforesaid that the appellant is hard of hearing and that he did not hear and understand the above mentioned announcement of the court to the effect that no attorneys fee would be adjudicated and that he was guilty of no fraud whatever in connection with the preparation and presentation of the decree confirming the sale wherein the allowance of the attorneys fee was provided for; but he, nevertheless, ordered that the appellant be allowed to retain only $327.33 of the fee allowed him and that he refund to the Clerk as Commissioner the sum of $172.67 for distribution among the defendants in the partition suit.

Thus it will be seen that this is not a case of where a Chancellor signed a decree without knowing that an attorney's fee was being allowed therein, but is a case where the allowance was specifically discussed between the Chancellor and the attorney and where the decree was signed with full knowledge on the part of the Chancellor that it contained the provision making such allowance. The order for a refund of a part thereof made in the present proceeding is based on the afore-

mentioned ground that the Chancellor had momentarily overlooked the fact that he had stated in an oral opinion at the former term of court that he did not intend to allow an attorney's fee, but which intention and purpose was never thereafter set forth in any decree on the minutes or in any writing filed in the cause.

The final decree confirming the sale of the land and ordering the distribution of the proceeds was not appealed from, and the same had been fully executed. Moreover, the petition herein is not predicated upon any alleged right to a modification of the terms of this final decree. It is neither alleged therein that the petitioners are entitled to have the decree corrected nor is there a prayer for a modification of its terms. It merely seeks to have the appellant punished for contempt of court and to have him mandatorily enjoined to refund the fee to the Commissioner which was paid by him to the appellant pursuant to the final decree of the Court in confirming the sale and ordering the distribution of the proceeds of the sale of the lands.

It is not contended that the services of the appellant were not amply worth the amount of the fee allowed, and this record discloses that the defendants, as well as the complainants, received the benefit of the necessary legal services rendered by the appellant in filing and conducting the partition proceedings from the beginning to the end.

 Since there was no clerical or other error in the final decree rendered on August 16, 1947, which the trial court would have been authorized to correct at some subsequent term of the court, we are of the opinion that in the absence of fraud in its procurement, clerical or other correctable error, the court was without power to disturb the vested right of the appellant to the fee adjudicated in his favor. If the defendants were dissatisfied with such allowance, their remedy was by an appeal from the said final decree in order that it might be determined whether or not the allowance was proper, equitable and

just, even though the trial court had previously announced its intention in an oral opinion not to allow the same, and the court had the right to alter its position in regard thereto at any time before final decree, and especially in view of the considerable amount of legal services rendered by the complainants' attorney alone in the further conduct of the partition proceeding subsequent to the making of such oral announcement at the previous term of the court. Moreover, if the Chancellor had disallowed the fee in the final decree of confirmation of the sale, the appellant herein would have been entitled to an appeal within the time allowed by law, which has now long since expired.

This Court held on suggestion of error in the case of Stone v. McKay Plumbing Co., 200 Miss. 792, 26 So. (2d) 349, 30 So.2d 91, that not even the legislature could deprive one of vested rights under a final judgment of the trial court, even though an appeal therefrom was then pending, whereas in the partition proceeding wherein the fee in question was allowed no appeal was taken, and in the absence of fraud in its procurement or clerical or other correctable error made therein the same must stand as rendered. Moreover, in this instance the decree has been fully executed. It follows that the decree of the trial court in the instant case must be reversed and the petition against the appellant dismissed.

Reversed and decree here for the appellant.