GILLESPIE, Chief Justice:
Mrs. Tinybelle Parnell Smith and her sister, Mrs. Ora Parnell Parker (complainants) filed in the Chancery Court of Lincoln County a suit for partition of land against Bert Parnell and five others (defendants). About five years after the suit was filed a final decree was entered. Defendants appeal contending that the chancellor erred in assessing defendants with their prorata share of commissioners’ fees, survey expense, and the fee of complainants’ attorney. Finding no merit in defendants’ argument concerning commissioners’ fees and survey expense, we will not discuss them.
The bill of complaint prayed for partition in kind and prayed for an attorney’s fee to be fixed as a lien against the interest of all parties. Bert Parnell answered and claimed nonjoinder of a necessary party because the United States of America held an enrolled tax lien against him. He stated that he proposed to submit a plan for division of the land in kind without the *855 appointment of commissioners. The non-joinder part of Bert Parnell’s answer was sustained and an amended bill was filed to include the District Director of The Internal Revenue Service as a party defendant. A decree pro confesso was entered as to all defendants except Bert Parnell and the District Director. Commissioners were appointed with orders to report at the next term of court.
Complainants thereafter filed a petition stating that the cost of surveying the land for division in kind would be prohibitive and prayed that the court modify its former decree and order the lands sold and the proceeds divided. This petition was sustained and a commissioner was appointed to sell the land. Before the land was sold, Bert Parnell and Robert Parnell filed a petition praying that the order for the sale of the land be rescinded, that the timber on the land be sold and the proceeds divided, and that the surface of the land be partited in kind. An agreed order was thereupon entered for the sale of the timber. The court then ordered the timber sold and retained jurisdiction for the sale or division of the surface. The timber was sold for $32,875, the sale confirmed, and partial distribution of the proceeds was ordered. Thereafter the complainants filed a suggestion for the partition of the land, and all the defendants,- through their attorney, filed a petition containing a different plan for the division of the land in kind. The complainants agreed to the proposal of the defendants and the land was thereupon partited in kind in accordance with the plan proposed by the defendants.
During the course of the proceedings all of the defendants other than Bert Parnell filed affidavits stating that they relied upon their brother, Bert Parnell, to protect their interest in the land and timber involved in the case and that they had an agreement with him to share the legal expenses incurred by Bert Parnell in employing an attorney.
All during the proceedings Bert Parnell was represented by an attorney. Complainants were also represented during all the proceedings by Attorney Emmette Allen. Bert Parnell’s attorney filed on behalf of all defendants the petition proposing the plan for partition of the surface in kind.
Before the final decree was entered, the chancellor held an informal hearing on the question of expenses and attorneys’ fees. The chancellor stated that both of the attorneys rendered invaluable service to all of the parties. He stated that it was necessary for both complainants and defendants to be represented by counsel and that the file reflected a considerable amount of work on the part of each attorney. He thereupon set the amount of $3,500 as a reasonable fee and requested the attorneys to determine how it should be divided between them. Thereafter the court stated that it erred in charging the property with a fee for more than one attorney. The chancellor then allowed only the fee of complainants’ counsel as a common charge against all interests in the land.
The issue is whether defendants should be charged with a portion of complainants’ counsel’s fee.
Section 11-21-31, Mississippi Code 1972 Annotated, provides as follows:
In all cases of the partition or sale of property for division of proceeds, the court may allow a reasonable solicitor’s fee to the solicitor or (sic) the complainant, to be taxed as a common charge on all the interests, and to be paid out of the proceeds in case of a sale, and to be a lien on the several parts in case of partition.
The statute is permissive and not mandatory.
This Court has reviewed all the cases concerning this statute. In every case where the complainant’s attorney was allowed a fee and defendant appealed from such allowance on the ground that defendant had his own attorney, the Court reversed the awarding of the fee, holding *856 that it was error to charge defendants with any part of it.[1] In two other cases involving this statute one[2] held that the trial court properly declined to allow a fee to the attorney for complainants; and in the other,[3] the Court reversed that part of a partition decree allowing the attorney for defendant and cross-petitioner a fee charged against all interests in the land.
The landmark case on this statute is Hoffman v. Smith, 61 Miss. 544 (1884), where the Court stated that the statute
. is designed particularly for cases in which some of the owners in common of land proceed for partition, and the proceeding, not resisted by others, is conducted by the solicitor of the complainant without any other solicitor being engaged in the cause. ... If there is controversy between the parties and propriety in the defendants being represented in the cause by their own counsel, they should not be required to contribute to pay the counsel of their adversary. . . .61 Miss, at 547.
From Hoffman and the cases that followed, the rule has developed that where a defendant employs his own attorney in good faith to represent his interest or to assert his position in a controversy during a partition proceeding he should not be required to contribute to the fee of complainants’ attorney.
As noted above, the chancellor found that it was necessary for both complainants and defendants to be represented by counsel and that both attorneys rendered invaluable services. Among the services rendered by defendants’ attorney, he filed the petition bringing to the court’s attention the proposal to sell the timber separately and thereby prevented the sale of the land. He also represented the defendants by presenting to the court the specific plan adopted by the court in partit-ing the surface, thus eliminating the plan suggested by complainants. The record shows without question the propriety of and necessity for defendants being represented by counsel. Accordingly, it was error to charge defendants with a portion of complainants’ counsel’s fee.
The fact that a decree pro con-fesso was entered against some of the defendants is immaterial. In a partition suit, the defendants have an interest in all aspects of the proceeding and may participate at any point when it is necessary to protect their interests. Moreover, there was no refutation of the affidavits filed by the defendants stating that they relied on Bert Parnell to protect their interest and were sharing with him the expense of employing an attorney. Since their interests were identical to Bert Parnell’s, it was permissible for them to participate in the suit in this manner.
The part of the decree allowing complainants’ counsel a fee is reversed and rendered here; otherwise the decree is affirmed.
Reversed in part, affirmed in part, and remanded.
RODGERS, P. J., and SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.
PATTERSON, J., took no part.

. Dailey v. Houston, 246 Miss. 667, 151 So.2d 919 (1963) ; Brower v. Rosenbaum & Little, 125 Miss. 87, 87 So. 130 (1921) ; Billingsley v. Billingsley, 114 Miss. 702, 75 So. 547 (1917) ; Carpenter v. Carpenter, 104 Miss. 403, 61 So. 421 (1913) ; Hardy v. Richards, 103 Miss. 548, 60 So. 643 (1912) ; Smith v. Stansel, 93 Miss. 69, 46 So. 538 (1908) ; and Hoffman v. Smith, 61 Miss. 544 (1884).
In Conger v. Shaw, 206 Miss. 590, 40 So.2d 308 (1949), there was no appeal from the decree allowing complainant’s attorney a fee; other issues involving the attorney were at issue.

. Walker v. Williams, 84 Miss. 392, 36 So. 450 (1904).

. Potts v. Gray, 60 Miss. 57 (1882).